## CAMPBELL vs. JONES.

The statute of *champerty and maintenance* cannot be alleged in bar of a recovery on a bond executed by a *step-son* of one lessor of the plaintiff in an action of ejectment, to another to indemnify him against the costs of such suit, where it appears that the obligee refused to permit his name to be used without such indemnity.

A bond and warrant of attorney given by such obligee for the amount of the costs of such suit, on the same being demanded of him under the consent rule, after a judgment against the nominal plaintiff, is not evidence of *payment* entitling him to sustain an action on the covenant of indemnity.

THIS was an action of *covenant*, tried at the Seneca circuit in June, 1829, before the Hon. DANIEL MOSELY, one of the circuit judges.

The plaintiff declared on a covenant under seal executed by the defendant, bearing date 16th January, 1827, whereby the defendant promised to save harmless and indemnify the plaintiff from all costs and charges by reason of having his name inserted as one of the lessors of the plaintiff in six ejectment suits prosecuted in this court, which were specified in

the covenant; the other lessor named in the covenant was William Hageman : which covenant was set forth in the declaration, after a recital that the suits specified in the covenant were commenced in May, 1826. The plaintiff then averred that in the term of February, 1827, judgment was rendered against the nominal plaintiff (James Jackson) in each of the said suits for the costs of the defence; and that such further proceedings were thereupon had in the said suits that he (the plaintiff) on the 1st May, 1827, by reason of and on account of his name having been used as one of the lessors of the plaintiff in the said suits, was forced and obliged to pay, and necessarily did pay, the costs in each of the said suits, amounting together to the sum of $600. There was a second count substantially the same as the first. The defendant pleaded, 1. *Non est factum;* 2. That the plaintiff and William Hageman commenced the ejectment suits for their own benefit, that he (the defendant) having no interest in the suits or in the recoveries sought, and not being of kin or counsel to either of the lessors, did, contrary to the form of the statute to prevent champerty and maintenance, and at the request and by the procurement of the plaintiff, execute the covenant declared on; 3. That the plaintiff fraudulently and with the intent to charge the defendant with the costs of the ejectment suits, suffered judgments to be rendered against the nominal plaintiff therein; 4. That the suits were commenced by the plaintiff for his own benefit, he claiming to be the owner of the land sought to be recovered; and the defendant having no interest in the actions of ejectment, and not being of kin or of counsel to the plaintiff, agreed to be at all the costs and charges of such actions, and in pursuance of such agreement, and without any other consideration, made and executed the covenant, &c. The plaintiff *replied* to the second plea that the covenant declared on was executed for good and lawful considerations and purposes, and not contrary to the form of the statute to prevent champerty and maintenance; to the third plea, that he did not fraudulently suffer judgments to be rendered against James Jackson; and to the fourth plea, that he did not cause the said suits to be instituted for his sole benefit in manner and form, &c.

It appeared on the trial that judgments had been perfected in each of the ejectment suits against the plaintiff for costs, he having been nonsuited in one cause on the trial, and judgments as in case of nonsuit having been rendered in the others ; that the total amount of the costs in the suits was $343,01 ; that the same had been regularly demanded of the plaintiff under the consent rules ; that the plaintiff had executed a bond and warrant to the attorney for the defendants in the ejectment suits, authorizing a judgment to be entered against him for the amount, which had accordingly been done ; but it appeared that he had not paid any part of the money secured thereby, though on giving the judgment he received a receipt in full for the costs. The plaintiff rested, and the defendant moved for a nonsuit ; the judge reserved the question, and directed the defendant to enter on his defence. The defendant proved title in the plaintiff to the land, the recovery of which was sought in the action of ejectment, by a purchase at a sheriff's sale under a judgment and execution against William Hageman, and that on the trial of one of the ejectment suits, the plaintiff attended and aided and assisted in the trial of the same. It was then shewn, on the part of the plaintiff, that the defendant was the step-son of Hageman, and that shortly previous to the date of the contract declared on, the defendant, in a conversation with a third person, said that the plaintiff refused to let the ejectment causes go on, unless he gave him a bond to secure him against the costs, and asked advice as to the propriety of so doing. At the same time, he said he was to have no part of the property demanded. No other evidence was given as to the inducements of the defendant to enter into the contract. There was a witness to the covenant, but he was not produced ; and there was no proof that he had any interest in the land the subject of the ejectment suits. The defendant contended that under the pleadings and proofs the plaintiff was not entitled to recover ; the judge reserved the question for the opinion of this court, and charged the jury that if the plaintiff was interested in the recovery sought in the actions of ejectment, and was prosecuting the same for his own benefit, and if the defendant had no interest in the actions, and was not of kin to either party, and gave the indemnity for the

purpose of assisting the plaintiff or to induce him to pros- NEW-YORK,
ecute the suits by relieving the plaintiff and subjecting him- May. 1830.
self to the costs, the intrument declared on was void and Campbell
they ought to find for the defendant ; but if the suits were v.
prosecuted for the benefit of William Hageman, or any per- Jones.
son other than the plaintiff, and the plaintiff's name was used
for the benefit of others, and if the indemnity was given with-
out the intention of perverting the due course of law and jus-
tice, or of taking any undue advantage, or of oppressing the
defendants in the ejectment causes, they ought to find for the
plaintiff for the amount of the costs in the ejectment suits
without interest. The jury found for the plaintiff for the sum
of $343,01, subject to the opinion of this court on a case to
be made.

*J. Maynard,* for the plaintiff. Here was no *champerty.* The
defendant himself admitted that he was to have no part of
the land sought to be recovered ; and there is no *maintenance*
it being shewn that the defendant stands in that relation to
one of the lessors of the plaintiff which would protect him
from the penalties of the statute should a suit be brought
against him for its violation. (3 *Cowen,* 363.)

The *payment* of the costs is admitted by the pleadings, and,
the defendant ought not to have been permitted to prove the
contrary. The allegation of payment is not denied by the
pleas.

The giving a *bond* for the payment of the costs and re-
ceiving a discharge is a sufficient payment to charge the de-
fendant on his covenant of indemnity. (11 *Johns, R.* 518. 1
*Wendell,* 424. 6 *Johns. R.* 158.)

*A. Gibbs,* for the defendant. The facts averred in the
pleas not denied by the replications must be considered as
admitted. The replication to the second plea alleges that
the covenant declared on was executed upon good and suffi-
cient consideration, but it does not deny, and therefore admits
that the suits were prosecuted for the exclusive benefit of the
lessors ; that the defendant had no interest in the matter,
and was not of kin to the parties. The replication to the

NEW-YORK, fourth plea, that the plaintiff did not cause the suits to be
May, 1830. instituted by not denying the allegations of the plea, makes
Campbell the same admissions. The evidence shewing that five out of
v. six of the judgments were judgments as in case of nonsuit,
Jones. verifies the third plea. The admission in the replications
and the proof on the trial establish the defence that the cov-
enant of the defendant was given in violation of the statute of
champerty and maintenance.

The plaintiff was bound to shew actual payment or was
not entitled to recover beyond nominal damages. (14 *Johns.*
*R.* 89.) The giving of a judgment is not payment.

*By the Court,* MARCY, J. At a very early age in Eng-
land, when the state of society was very different from what
it is now there, or ever has been here, many acts were ad-
judged to be *maintenance* which have long since ceased to be
regarded as morally or legally censurable. A less rigorous
construction is now given to the statute prohibiting this of-
fence than formerly. This subject received a full discussion
in the case of *Thallhimer* v. *Brinckerhoff*, (3 *Cowen*, 623,)
and the opinion delivered by Chancellor Sandford met with
the approbation of every member of the court of the last
resort in this state. He lays down the propositions, that " to
maintain the suit of another is unlawful, unless the person
maintaining has some interest in the subject of the suit, or un-
less he is connected with the suitor in some social relation."
(*id.* 647.) The object of the law in relation to this matter
is, as explained by the chancellor, to prevent the interference
of strangers having no pretence of right in the matter of
the suit and standing in no relation of duty to the suitor.
Though the contract in this case, which is alleged to be void
for maintenance, was made with the plaintiff, between whom
and the defendant no social relation exists, it appears that the
defendant is the step-son of Hageman, the other lessor of the
plaintiff in the suits, which it is now said the defendant has
maintained against the statute.

It is quite evident from the facts proved, that there are
other facts behind which, if diclosed, would give us a clearer
understanding of this matter. Campbell the plaintiff,
and Hageman the step-father of the defendant, were the

lessors of the plaintiff in the ejectment suits, and it is highly probable that Campbell was not much if at all interested in the result of them ; for it appears from the declarations of the defendant, that Campbell was unwilling to have his name used as a lessor, without a bond from the defendant to indemnify him against the costs. I think it is a fair presumption, that though the legal title to the land attempted to be set up was in part or wholly in Campbell, the suits were prosecuted for the benefit of Hagerman, and that Campbell required security against the payment of costs, before he would allow the use of his name. It is the constant practice for the parties in interest in ejectment suits, to use the names of persons as lessors of the plaintiff who claim no benefit in the result of the litigation. I do not think a contract entered into with such persons to secure them against the payment of costs, can be regarded as a violation of the statute against maintenance. If a stranger joins in the security, or gives it alone, such fact of itself would not, I am inclined to believe, make him guilty of maintenance, unless it should appear that he did it pursuant to a contract to participate in the result ; but it is not necessary to settle this question, because the defendant here was not a stranger, he was the son of the wife of one of the lessors of the plaintiff.

The covenanht being considered binding, the next inquiry is to ascertain if it has been broken. The defendant became obligated thereby, to save harmless and indemnify the plaintiff from all costs and charges, by reason of his name having been used as one of the lessors of the plaintiff in the ejectment suits. The defendants in those suits succeeded, and were allowed upwards of three hundred dollars for their costs. All necessary measures preparatory to a motion for an attachment against the lessors for the non-payment of these costs were taken. The plaintiff then gave a bond for the amount of the costs, accompanied with a warrant of attorney, by virtue of which a judgment was entered, and the bills were receipted.

The plaintiff, under the pleadings which I shall soon more particularly advert to, is entitled to recover ; but what damages did he prove ? Not the full amount of the costs, I ap-

prehend. He has not been, and never may be damnified to that extent. The giving of the bond, with the warrant of attorney, is not equivalent to actual payment. It appears to me the very point was decided in the case of *Taylor* v. *Higgins*, (3 East, 169;) and the principle of that case was approved and adopted in *Cumming* v. *Hackley*, (8 Johns. R. 202.) If it should so happen that Campbell should become insolvent, and be discharged before he paid the judgment he has confessed, his assignees would have a demand against Jones, on the principle that the bond is tantamount to payment, for 343 dollars, while the distributive share of the property of the insolvent going to the owner of the bond might be nothing like that sum. The plaintiff is damnified to the amount he has actually paid, but not to the amount he has become obligated to pay.

But it is said the pleadings admitted the fact of the payment of the costs, and it was therefore a matter not to be controverted on the trial. The defendant pleaded *non est factum* and several special pleas, which were all found against him. These issues being found for the plaintiff, he is entitled to recover; but the amount of the recovery depends upon the proof of damages. The pleadings did not admit the specific payment of the costs in the ejectment suits.

If there had been a demurrer to these or any other pleas which the defendant might have put in, and they had been adjudged bad, the plaintiff could not have entered judgment for the costs which he alleged in his declaration to have been paid, without proving the payment on a writ of inquiry.

I have not considered myself called on by this motion to examine the pleadings for any other purpose than to see what was the issue.

Motion for new trial granted.