NEW-YORK,
May, 1838.

Webb
v.
Lansing.

### WEBB vs. POND & LANSING.

To sustain an action on a covenant to indemnify and save harmless a party from his liability on a bond and mortgage executed by him, it is not necessary to show that the covenantee has been compelled by a course of legal proceedings to pay the debt; it is enough that it appear that money had become due on the bond and mortgage, and that he had paid the same.

It seems that the action would lie in such case by merely showing that the party had become liable to pay.

DEMURRER to declaration. On 24th December, 1835, the defendants entered into a covenant with the plaintiff, whereby, after reciting that the plaintiff had by deed conveyed to Pond a house and lot in Auburn, upon which the plaintiff had executed to one Watson a mortgage bearing date on, &c. to secure the payment of $1084, and that Pond had purchased the premises subject to the incumbrance of such mortgage, and had agreed to assume the payment of the same and save harmless the plaintiff from his liability thereon, and on the bond accompanying the same, the defendants *covenanted* to indemnify and save harmless the plaintiff *from his liability on said bond and mortgage* and to pay to him all costs and damages, which he might have to sustain by reason of said bond and mortgage remaining outstanding against him. On this covenant a suit was commenced in July term, 1837. The plaintiff set forth the instrument and *alleged by way of breach*, that on 26th January, 1837, there became due and remained unpaid on the bond and mortgage, the sum of $175,93; that Pond did not and would not provide means for the payment of the same; that the defendants did not indemnify and save him harmless from his liability on the bond and mortgage, and that on the 26th June, 1837, he was called upon and *forced and obliged to pay*, and *did pay* to Watson, the holder of the bond and mortgage, the said sum of $175,93, with the interest thereof, &c. To this declaration one of the defendants put in a demurrer, and assigned as special cause of demurrer, that it is not alleged that the plaintiff was *legally compelled to pay* the amount due upon

NEW-YORK,  the bond and mortgage, and that Pond had the right to
May, 1838.  have the mortgage forclosed and the premises sold to pay
Townsend    the debt.   The cause was submitted on written arguments.
v.
Goewey

J. Porter, for the plaintiff.

A. Gould, for the defendants.

By the Court, BRONSON, J.   The covenant is not simply
to indemnify and save harmless against the bond, but it is
to indemnify and save harmless the plaintiff from his *liability*
on the bond.   The breach assigned not only shows that the
plaintiff became *liable* on the bond, but that being liable, he
has been called upon, and forced and obliged to pay, and
has actually paid the sum, which he seeks to recover.   There
can be no doubt that the breach is sufficient.   The plaintiff
was not bound to wait until he was sued on the bond; he
had the right to pay the money, and then resort to the cove-
nant for his indemnity.   Indeed, according to the case of
*Chase* v. *Hinman*, 8 Wend. 452, and the opinion of Jones,
chancellor, in *Rockfeller* v. *Donnelly*, 8 Cowen, 639, it was
enough to allege that the plaintiff had become liable to pay,
and then he might recover damages to the extent of his
liability, although he had not paid the money.   The demurrer
is not well taken.

Judgment for plaintiff.