## CHURCHILL and HAYES *vs.* ENOCH HUNT.

Upon a bond conditioned to save harmless and indemnify the obligee against his *liability* as the maker of a promissory note then held by a third person, *and to pay the same* or cause it to be paid, the obligee may, without having paid any thing, recover the amount of the note against the obligor, upon his failure to pay the holder.

But he cannot recover the costs of a judgment obtained against him on the note, where he has not paid them.

Where the note is past due at the time of the execution of such a bond, the obligee is bound to make payment to the holder immediately; and if he fail to do so, a suit may be maintained on the bond without delay.

The defendant cannot, in an action on such a bond, set up usury in the note.

An agreement to indemnify one against a demand is of the same legal import as an agreement to indemnify him against his *liability* for the demand. *Per* BEARDS-LEY, J.

DEBT on bond, tried at the Rensselaer circuit in May, 1846, before PARKER, C. Judge. The declaration set forth a bond executed by the defendant and Henry Hunt, dated April 6th, 1842, in the penalty of $1000. The condition was as follows: " The condition of this obligation is such, that if the above bounden Henry Hunt shall and do well and truly save harmless and indemnify the said George W. Churchill and Reuben Hayes Jr. against their liability as makers of a certain promissory note of the sum of $500, now holden by Clark & Sharp of the city of Troy, and shall pay or cause to be paid the said promissory note ; said note bearing date 9th August, 1841, and payable six months from date to the order of the above bounden Henry Hunt, and endorsed by said Henry Hunt to Wm. C. Potter, without fraud or other delay, then this obligation to be void; or else to remain in full force and virtue." The suit was commenced against both the obligors. Two breaches were assigned in the declaration; 1st. That Henry Hunt had not saved the plaintiffs harmless and indemnified them against their liability as makers of the note, but had failed therein, and had suffered the plaintiffs to be sued as makers of the note, and a judgment to be recovered against them ; and 2d. That Henry Hunt had not paid the note or the judg-

ment or caused them to be paid, although a reasonable time for the payment thereof had elapsed, after the making of the bond and before the commencement of the suit, but that he and the defendants had failed to do so and had suffered the judgment aforesaid to be recovered.

H. Hunt pleaded a discharge under the bankrupt act, and the suit as to him was discontinued. The defendant Enoch Hunt pleaded *non est factum*, and gave notice of special matter.

On the trial, the bond was read in evidence and the plaintiffs proved that the defendant and Henry Hunt, his co-obligor, were severally applied to on behalf of the plaintiffs and requested to pay the note, referred to in the condition of the bond, in June, 1843, but payment was not made. It appeared that Sharp & Clark, the holders, had recovered judgment on the note, against the plaintiffs as makers, in the supreme court; but it was shown that the plaintiffs were entirely insolvent and that they had removed out of the state.

The defendant's counsel moved for a nonsuit, insisting that the bond was for indemnity merely, and that the plaintiffs had not been damnified; but the motion was denied and the defendant excepted.

The defendant's counsel then offered to show that the note was made upon an usurious consideration, and was void in the hands of Clark & Sharp for usury. The plaintiffs' counsel objected, and the judge sustained the objection and the evidence was excluded. The defendant's counsel excepted. The defendant insisted that the plaintiffs could not recover more than nominal damages, and that, at all events, they were not entitled to recover the costs included in the judgment. The judge, on the contrary, charged that they were entitled to recover the amount of the judgment with interest thereon, and the defendant again excepted. Verdict for the plaintiffs for $651,48, which included the costs recovered against them by Sharp & Clark and the interest thereon, amounting to $73,72. The defendant moves for a new trial on a case.

*J. Pierson*, for the defendant. I. The bond is for indemnity merely, and the plaintiffs having never paid any thing, were not entitled to recover. (*In the matter of Negus*, 7 *Wend.* 499; *Douglass* v. *Clark*, 14 *John.* 177; *Aberdeen* v. *Blackmar*, 6 *Hill*, 324.) 2. The defendant should have been permitted to show that the note was usurious. (*Hammond* v. *Hopping*, 13 *Wend.* 505; *Reed* v. *Smith*, 9 *Cowen*, 647; *Chitty on Cont.* 706, 709; *Ord on Usury*, 105.) 3. At most the plaintiffs can recover only the amount of the note and interest.

*N. Hill Jr.*, for the plaintiffs. 1. The bond provides for indemnity in a particular manner, namely, by payment of the demand. Where payment is mentioned in such a bond, it may be enforced unless the whole scope of the instrument shows that indemnity only was intended. (*Thomas* v. *Allen*, 1 *Hill*, 147; *The People* v. *Corbett*, 8 *Cowen*, 520; *Webb* v. *Lansing*, 19 *Wend.* 423.) 2. Usury in the note could not be set up to avoid this contract. (*Bearce* v. *Barstow*, 9 *Mass.* 45, 48; *De Wolf* v. *Johnson*, 10 *Wheat.* 367.)(*a*) 3. The plaintiffs were entitled to recover the amount of the judgment and interest. (*Chace* v. *Hinman*, 8 *Wend.* 452.)

*By the Court*, BEARDSLEY, J. When this bond was given, the note to which it has reference was overdue, and the plaintiffs, as makers, were liable to be sued upon it at any time. By the condition of the bond *Henry* Hunt, one of the obligors, was to save harmless and indemnify the plaintiffs against their liability as such makers, and also to pay or cause said note to be paid without fraud or other delay.

So far as respects a recovery of the amount of the note and interest thereon, this case, in principle, is like that of *Thomas* v. *Allen*, (1 *Hill*, 145.) It is true that in one particular, but which seems to me wholly immaterial, they differ in matter of fact. In *Thomas* v. *Allen*, the debt to be paid had not become due when the bond was made, whereas in the present case the note had been for some time overdue when this bond was executed. In

---

(*a*) And see *Pratt* v. *Adams*, (7 *Paige*, 615, 639, 641.)

*Thomas* v. *Allen,* the bond was conditioned to pay a certain debt when it should become due and to save the plaintiff harmless ; but in the present case the condition of the bond is to pay a debt already due, and to save the plaintiffs harmless and indemnify them against their liability therefor.

It was held in *Thomas* v. *Allen,* that the bond in suit in that case was more than a mere bond of indemnity, as it bound the defendant to *pay off* the plaintiff's debt when it fell due, and that the breach, alleging the debt had not been paid by the defendant at the day when it was payable, was well assigned. Upon such an obligation the right of action becomes complete on the defendant's failure to do the particular thing he engaged to perform. Where the covenant is to pay the plaintiff's debt, it is enough to show that it was not paid at the stipulated time. The plaintiff need not go further and show that he had himself paid the demand, or been otherwise damnified by the defendant's neglect to perform his engagement. These principles are settled in the case of *Thomas* v. *Allen,* which is fully sustained by the authorities there referred to ; and the point adjudged admits of no doubt.

By the condition of the bond in the present case, Henry Hunt was bound to pay off the plaintiffs' note, but no particular time of payment was specified. The note was then overdue, as the condition of the bond shows ; and no certain time of payment being specified in the condition, the law required payment to be made immediately, that is, on the day when the bond was given. (*Hurlst. on Bonds,* 40 ; *Bothy's case,* 6 *Rep.* 31 ; *Shep. Touch.* 369 ; *Farquhar* v. *Morris,* 7 *D. & E.* 124.) As the note had not been paid when the suit was commenced, the condition of the bond was broken, and a good right of action shown ; the motion for a nonsuit was therefore correctly refused.

The defendant had no right to set up that the note was usurious, although that defence might have been interposed by the plaintiffs in the action brought against them on the note. This bond was given to the plaintiffs, by whom the note had been made, and not to the supposed usurer, whoever he may have been. Nor was the payment to be made to such supposed usurer ; for the note, as the condition of the bond shows, had been

transferred to Clark & Sharp, who then held it, and the obligors were bound that it should be paid without delay. Their engagement to the plaintiffs was equivalent to an absolute promise to pay them the amount of the note; and on no principle can I see that the obligors in the bond had any concern with the question of usury. Their engagement was with the plaintiffs. It was an engagement to pay the amount of a certain note given by the plaintiffs and then held by Sharp and Clark; and, in my opinion, the defendants were clearly bound to make the payment according *to their covenant*, whether the plaintiffs were liable to Sharp & Clark or not. What concern had these obligors with that question? They were not the victims of an usurer, nor were they sued upon an usurious obligation. If the bond had been a mere bond of indemnity, a different question would have been presented; but being an absolute engagement *to pay*, I entertain no doubt that the alleged defence of usury was properly excluded.

A right of action having been shown, and the question of usury not being in the case, the only remaining point has reference to the amount of damages.

The plaintiffs were undoubtedly entitled to recover the amount of the note and interest thereon; for to that extent the condition of the bond was express and absolute. (*Port* v. *Jackson*, 17 *John.* 239, *and authorities there referred to; In the matter of Negus*, 7 *Wend.* 499.) To this extent a recovery of damages was proper, although nothing had been paid on the note by the plaintiffs, nor had they in any other manner been actually damnified by the refusal of the obligors to make payment of the note according to their engagement.

There is an express clause in the condition of this bond, that Henry Hunt should pay the plaintiffs' *note*, but none that he should pay such *costs* as might be adjudged against them in an action for its recovery. The costs so made, and which the plaintiffs would be bound to pay, could not be recovered upon an alleged breach of the condition to pay the note. The non-payment of the costs would not be a breach of that clause in the condition of the bond; and they were to be recovered, if at all,

on that part of the condition which bound the obligors to indemnify the plaintiffs against their liability as makers of the note. This was but an ordinary covenant of indemnity, and at common law a recovery cannot be had upon such an engagement, without showing payment or other actual injury sustained. The costs and interest thereon should not have been allowed in the assessment of damages, and so far the amount of the recovery was erroneous.

It was argued that the rule which allows a sheriff, in an action on a bond for the jail liberties, to recover such costs as had been adjudged against him in an action brought for the escape of the prisoner, would authorize an allowance of the costs for which these plaintiffs had become liable. There is no doubt the sheriff may in such case recover the costs, as he also may the full amount of a judgment recovered against him for such escape, although nothing has actually been paid by him. He is liable for such amount, and that, on a bond for the liberties, is sufficient. (*Kip* v. *Brigham*, 7 *John.* 168 ; *Rockfeller* v. *Donnelly*, 8 *Cowen*, 640, 665.) But this is for the plain reason that the statute, under which these bonds are given, expressly provides for such recovery before payment has been made by the sheriff. Such is the letter of the statute. (2 *R. S.* 432, *Art.* 3 ; 1 *R. L. of* 1813, *pp.* 429, 430, §§ 7, 8, 9.) A bond given in conformity with the statute, for the support of a bastard child, is intended to be for the indemnity of the town ; and yet it has been adjudged, upon the spirit and intent of the statute requiring such bonds to be taken, that in an action on the bond, it is unnecessary to show actual payment or other damage sustained by the town. Such a bond was held to be forfeited by the mere fact that the town had become liable for the support of the child. (*Rockfeller* v. *Donnelly, supra.*)

These authorities seem to me to prove nothing in favor of allowing a recovery of the costs adjudged against these plaintiffs, on the mere ground of such liability: they rather, as I think, look in the opposite direction. This bond is a common law obligation, and the part of the condition now in question is but an engagement to indemnify the plaintiffs against their liability

as makers of the note. Notwithstanding what is said in the case of *Chace* v. *Hinman*, (8 *Wend.* 452,) I must say that I am not aware of any distinction, at common law, between an indemnity against damage, and one against liability, which warrants a recovery on the latter on simply showing the fact of liability. In both, as I think, there must be evidence of actual damage, by the payment of money or otherwise. We have seen that a different rule prevails in regard to bonds for the liberties and for the support of bastard children: but this is for the reason that the statutes, under which such bonds are made, give to them an effect which they would not have had at common law.

The costs and interest thereon, amounting to $73,72, should not have been allowed as damages, as they had not been paid by the plaintiffs. If the plaintiffs remit that amount from the damages, the verdict may stand, and they may take judgment and have execution accordingly; otherwise a new trial must be granted.