CRIPPEN *vs.* THOMPSON and BISHOP.

Upon a mere indemnity to save another harmless from a bond executed by him, the party indemnified, in order to recover, must show damage, and that involuntarily sustained.

The damage must have been suffered or paid by compulsion—by some proceedings *in invitum* against the party indemnified.

DEMURRER *to declaration.* The action was debt on a bond for $3000, given to the plaintiff by Thompson as principal and Bishop as his surety, dated on the 18th of June, 1844, with a condition, to be void if Thompson should, among other things, "save harmless the said" obligee "from a bond executed by him to Nathan R. Crippen deceased, dated on or about the 3d day of March, 1840, the said Crippen giving the said Thompson notice of any proceedings at law or otherwise thereon." The declaration then stated that a bond was given to N. R. Crippen sen. by the plaintiff, in 1840, by which, among other things, he agreed to pay all N. Crippen's debts then due and owing by him,

Crippen *v.* Thompson.

and averred that Thompson agreed to save the plaintiff harmless thereon, and from all debts by said N. R. Crippen sen. due and owing at the time of executing the bond. That Thompson did not save the plaintiff harmless from said bond, nor from said debts, but on the contrary he was called on to pay a debt of N. R. Crippen, sen. due to J. Dayton, which was one he had agreed to pay by the condition of his bond to N. R. Crippen deceased. That after giving said bond to N. R. Crippen, sen. and before the defendants gave this bond, he had agreed with Dayton to pay to him the debt due to him from N. R. Crippen, sen. when he should be thereafter requested. That in July term, 1845, the plaintiff was sued by Dayton for said debt, and judgment was rendered against him and docketed Dec. 17, 1845, for $128,10, which was paid by the plaintiff on the 19th of January, 1846. That on the 1st day of July, 1845, and also before and after that day, the defendant Thompson had due notice of the said debt, demand or account of Dayton against N. R. Crippen, and the defendants had notice of the suit brought by Dayton, and were requested to save the plaintiff harmless from the bond and from the payment of the debt. Breach, that Thompson did not pay the debt due to Dayton from N. R. Crippen, sen. nor pay the plaintiff the judgment recovered by Dayton, and did not save him harmless, &c. The defendants craved oyer of the bond, which was given, and then demurred specially; and joinder.

*I. W. Thompson,* in person.

*C. L. Allen,* for the plaintiff

*By the Court,* HAND, J.    There is nothing in the condition of the bond, in terms, binding the defendant Thompson to save the plaintiff harmless from the debt of Nathan R. Crippen, deceased. The condition is to save harmless the plaintiff from a bond, he had, in 1840, given to N. R. Crippen, sen. ; the plaintiff giving notice to the defendant Thompson of any proceedings at law or otherwise thereon. The covenant is that Thompson

Crippen *v.* Thompson.

should save harmless the plaintiff from the bond he had given. That bond was to pay the debts of Crippen, sen., and the Dayton claim was one. Where the contract is one merely of indemnity, and not to pay, or against liability, actual damage must be shown. (*Gilbert* v. *Wiman*, 1 *Comst.* 550. *Churchill* v. *Hunt*, 3 *Denio*, 321. *Post* v. *Jackson*, 17 *John.* 239. *Aberdeen* v. *Blackmar*, 6 *Hill*, 324. *Lee* v. *Clark*, 1 *Id.* 56. *Thomas* v. *Allen*, *Id.* 145. *Halsey* v. *Reed*, 9 *Paige*; 451. *Colbrige* v. *Heywood*, 9 *A. & E.* 633. *Reynolds* v. *Doyle*, 1 *M. & Gr.* 755.) If *Rockefeller* v. *Donnelly*, (8 *Cowen*, 623,) can be sustained, it must be upon the peculiar language used, and the object of the bond required by the statute in such cases. Assistant Vice Chancellor Sandford said, in *Rawson* v. *Copland*, that "the distinction is, between an undertaking to do an act in discharge of the plaintiff, as to pay his debt, and one to acquit and discharge him of all damages by reason of his debt or obligation." (2 *Sandf. Ch. Rep.* 254.) Here the agreement was to save the plaintiff harmless from an obligation he had given his father to pay his debts. In *Thomas* v. *Allen*, (*supra,*) the agreement was to pay the plaintiff $800 by satisfying a certain bond and mortgage A. had given to B., and to save the plaintiff harmless therefrom; with an allegation that the bond and mortgage had become due and the defendant had not paid it. That was an express agreement to pay. *Churchill* v. *Hunt* was decided upon the same grounds. It is true that the judge who delivered the opinion in the last case seemed to think damage must be shown in case of indemnity against liability. If so, one step more towards confining the recovery to actual compensation has been taken.

The question in this case, as we shall see, is whether the plaintiff can pay the debt of his father, voluntarily and without notice to the defendant Thompson, and then recover upon this bond, against him and his surety? Buller, J. in *Duffield* v. *Scott*, (3 *T. R.* 374,) said, "I believe there are cases which say that to entitle a person to recover on a bond of indemnity, he must show he was compelled by law to pay the debt." But he adds, "the purpose of giving notice, is not in order to give a

Crippen v. Thompson.

ground of action; but if a demand be made which the person indemnifying is bound to pay, and notice be given to him, and he refuses to defend the action, in consequence of which the person to be indemnified is obliged to pay the demand, that is equivalent to a judgment, and estops the other party from saying that the defendant in the first action was not bound to pay the money." Grose, J. " agreed in this latter reason; and said he recollected many similar cases in which no notice was alledged, that the action was commenced." Here it is said that notice is not required as a ground of action, but it was thought that at least the commencement of a suit was necessary. I suppose, however, only in cases of mere contracts of indemnity. In *Webb* v. *Pond and Lansing,* (19 *Wend.* 423,) the bond given by the defendants to the plaintiff, (Lansing being a surety,) recited that the plaintiff had conveyed to Pond a house on which was a mortgage given by the plaintiff to A., of which P. agreed to assume the payment and save the plaintiff harmless from his liability thereon, and on the bond given therewith, and the defendants covenanted to indemnify and save harmless the plaintiff from his liability on said bond and mortgage. Breach, that P. did not, and would not, provide means for a payment that had become due, and that the defendants did not indemnify and save him harmless from his liability on the bond and mortgage, but that he was called upon and *forced* and *obliged* to and did pay, &c. The defendants demurred, assigning for cause that it was not alledged that the plaintiff was " legally compelled to pay." But the court said it was not simply a bond to indemnify and save harmless against the bond, but to indemnify and save harmless from his liability on the bond, and that being liable he was forced and obliged to pay. This was but an application of the principle found in *Rockfeller* v. *Donnelly,* and *Chace* v. *Hinman,* (8 *Wend.* 452,) that an action on a covenant to save one from liability might be sustained without showing the plaintiff had been damnified; though in *Webb* v. *Pond* payment was also alleged. And see the opinion of Gardiner, J. in *Gilbert* v. *Wiman.* In the case before us the covenant is to save harmless from the bond, and not from any liability on the bond; and

Crippen v. Thompson.

therefore damage must be shown. And I believe in all the cases of this kind, where the plaintiff has succeeded, the damage has been suffered or paid by compulsion, by some proceedings *in invitum* against the party indemnified. Here is no absolute agreement to pay, and no agreement to keep the party clear from liability, but merely to indemnify ; and in such cases it is not certain, until it is ascertained by legal proceedings, that the covenantee will ever be damnified, or how much ; and it is not competent for him to take the matter into his own hands in the first instance. Perhaps after a suit commenced, and notice given to the obligor, and neglect by him to defend, the obligee would be warranted in putting a stop to the costs. But I think an opportunity must, in case of a mere obligation to indemnify, be afforded the obligor to test the legality of the claim. Such is the whole scope of the case of *Webb* v. *Pond ;* and the principle is a sound one. In this case the declaration avers that the plaintiff, after giving the bond to pay his father's debts, and before the defendant gave this bond, became directly liable to pay the debt to Dayton when he should be requested, by an agreement made by him with Dayton. That after this bond was given he was sued on that liability by Dayton, who obtained judgment which the plaintiff had to pay, of all of which Thompson had notice. But this was not a suit on the bond given to Crippen, sen. nor has the plaintiff paid any thing on that bond. He must be damnified by that bond. Besides ; it seems he had assumed this debt before the bond was given to him by the defendants, and it is very probable he was not liable to his father *on his bond* for the payment thereof ; and in that case the defendant could in no event be liable.

But again ; if he assumed the debt after receiving the bond from the defendants, he thereby precluded all examination and defence as to that debt, made himself directly liable for it, and probably discharged all liability in relation to it upon the bond he gave his father ; and he prevented the defendants from standing between him and all harm, on the bond. I may add, that the condition of this bond is that the defendant shall have an opportunity to defend ; as the obligee is to give him notice

of any proceedings thereon.    But had that clause been omitted, as I have before stated, I think the case may stand on the broad principle, that on a mere indemnity to save another harmless from a bond, the party indemnified, to recover, must show damage, and that involuntarily sustained.

There must be judgment for the defendants, with leave to the plaintiff to amend on payment of the costs of the demurrer.

Judgment for the defendants.

