## Scott *vs.* Tyler and Baird.

A bond of indemnity, given to a sheriff, after reciting that the obligee had levied upon certain property, by virtue of an execution, as belonging to the judgment debtor, and that the property had been replevied by one D. contained the condition that if the sheriff should defend the replevin suit, the obligors would indemnify and save him harmless from *all costs, charges and expenses* which he should incur *in defending such suit; Held,* that it was the intention of the parties to limit the obligation of the obligors to the expenses of the defense, strictly, and that the damages and costs recovered by D. were not embraced.

*Held also,* that the condition of the bond was not broken by a mere liability of the obligee, for the charges of his attorneys, without actual payment.

The action was upon a bond of indemnity. The condition of the bond, after a recital that an execution in favor of Alonzo Forsyth and the defendant Baird, against William Porter, had

Scott *v.* Tyler.

been issued to the plaintiff as sheriff of the county of Livingston, by virtue of which a deputy of the plaintiff had levied on certain goods and chattels, alleged by the said Forsyth and Baird to belong to said Porter, but which were claimed by one Sanford Disbrow who had replevied the same from the plaintiff, and that the action of replevin was pending and undetermined, was as follows : "That in case the said William H. Scott, sheriff as aforesaid, shall defend such suit so prosecuted against him by the said Sanford Disbrow as aforesaid, then if the above bounden obligors shall indemnify and save harmless the above named obligee from all costs, charges and expenses which he shall incur in defending such suit as aforesaid, then this obligation to be void," &c. The proofs taken showed that Disbrow recovered a judgment in the replevin suit against the plaintiff for $65 damages, and $201,42 costs, upon which an execution was issued against the plaintiff and returned satisfied, before this action was commenced; also that the charges of the plaintiff's attorneys for costs and counsel fees in the defense of that suit, which he had assumed to pay, amounted to $113,25, no part of which last aforesaid sum had however been paid by him. The plaintiff claimed a judgment for the amount of the recovery of Disbrow against him, with sheriff's fees on the execution, and interest, and the sum for which he had become liable to his attorneys as aforesaid.

*Chamberlain & Wood*, for the plaintiff.

*R. H. Tyler*, for the defendants.

T. R. STRONG, J. Several questions are raised on the part of the defendants, but it is unnecessary to consider more than two. 1st. Does the condition of the bond embrace the damages and costs recovered by Disbrow, or any part thereof ? and 2d. Is the condition broken by a mere liability of the plaintiff for the charges of his attorneys, without actual payment ?

In considering the first question, it is important to have regard to the state of things existing when the bond was given,

The property, the taking of which was the subject of the replevin suit, had actually been seized under the execution; the liability of the plaintiff for the taking had occurred; and the suit in replevin founded on that liability was then pending. If no defense had been interposed, judgment would have been obtained against the plaintiff for damages for taking the property, and costs. Under these circumstances, the defendants undertook, by their bond, that in case the plaintiff should defend the suit they would indemnify and save him harmless from all " *costs, charges and expenses*," which he should incur, " *in defending such suit*." This language, used under such circumstances, certainly does not manifest an intention in the minds of the parties that the indemnity should extend to the *damages* and costs which Disbrow might recover. In my opinion it rather evinces a contrary intention. The words " costs, charges and expenses," are entirely inapplicable to those damages; and when used in connection with the words " in defending such suit," clearly cannot include expenses of its prosecution. Upon the idea that it was the intention of the parties to limit the obligation of the defendants to the expenses of the defense strictly, excluding damages and costs on the other side, the language employed was well chosen and carefully guarded. I am satisfied no other interpretation than that such was their intention can be given to it without doing violence to its ordinary meaning, which is not allowable—certainly not as against a surety.

The manner in which the second question should be determined depends upon what the indemnity is—what is indemnified against. If the obligation of the defendants is to indemnify and save the plaintiff harmless from *charge* or *liability*, he is entitled to recover to the extent of the charges of his attorneys, his liability therefor being established; but if it is to indemnify and save harmless from *loss* or *expenses*, he must fail, no loss or expense within the terms of the bond being proved. This distinction in regard to when an action will lie on an agreement to indemnify, without payment, and when payment must have been previously made, to maintain the action, has long existed, and is well settled, though in the application of the rules some

Scott *v.* Tyler.

disagreement has been occasioned among the cases. (*Gilbert* v. *Wyman,* 1 *Comst.* 550. *Webb* v. *Lansing,* 19 *Wend.* 423. *Campbell* v. *Jones,* 4 *Id.* 306. *Crippen* v. *Thompson,* 6 *Barb.* 532. *Aberdeen* v. *Blackmar,* 6 *Hill,* 324. *Rockafellar* v. *Donnelly,* 8 *Cowen,* 639. *Churchill* v. *Hunt,* 3 *Denio,* 321. *Chase* v. *Hinman,* 8 *Wend.* 452.) The decision in the last case was questioned in *Aberdeen* v. *Blackmar* and *Churchill* v. *Hunt,* above cited. The language of the indemnity given by the defendants is that they will indemnify and save the plaintiff harmless "*from all costs, charges and expenses which he shall incur,*" in defending the suit of Disbrow. It is claimed on the part of the plaintiff that the word "incur" means "to become liable or subject to." Giving it that interpretation, which I think just, and the bond is to be read as though those words had been used in the place of "incur." The contract of the defendants is then to indemnify and save the plaintiff harmless from "all costs, charges and expenses which he shall become liable or subject to." It is still, however, an indemnity against the "*costs, charges and expenses,*" such costs, charges and expenses as the plaintiff "shall become liable or subject to," and not against a *liability* for costs, charges and expenses. The words "incur in defending such suit," merely designate and limit the costs, &c. from which the defendants agree to indemnify, but do not make a *liability* for them *the subject* of the indemnity. Thus regarding the indemnity, as one against "costs charges and expenses," it is an indemnity against harm, loss, expense, the payment of money, and no breach is incurred until actual payment by the party indemnified. The case of *Campbell* v. *Jones,* (4 *Wend.* 306,) is directly in point upon this subject. If the foregoing views are correct, the question under consideration must be decided against the plaintiff.

Judgment must therefore be given in favor of the defendants.(*a*)

[LIVINGSTON SPECIAL TERM, February 9, 1852. *T. R. Strong,* Justice.]

(*a*) This decision was affirmed, upon appeal, at the Monroe general term, in March, 1853, held by Selden, Johnson and T. R. Strong, justices.