The complaint shows that the note in question was held by the plaintiff as a perfected contract prior to the execution of the lease with which it is *Page 303 
now proposed to connect it. Under these circumstances, if the defendant had expressly covenanted with Stevison, the maker, to pay the demand at maturity, it is not claimed that an action upon that covenant could have been sustained by the plaintiff. There would be no privity between the holder of the note and the covenantor. Nor could it be said that the agreement, in any legal sense, had been made in behalf of or for the benefit of the plaintiff; but merely to relieve the covenantee from the obligation incurred by him as one of the makers. I do not perceive how the relation of the parties is changed by incorporating such a covenant in a lease. The plaintiff was no party to the demise, nor could the nature of his demand against Stevison be altered from a negotiable promissory note against the latter into an agreement to pay rent, by any contract between the maker and a third person. Should it be granted, which is saying a great deal, that the defendant, as assignee of the lease, became thereby personally liable to Stevison, upon the covenant to pay this note, he was not liable to the plaintiff. The latter was neither assignee of the reversion or of the rent, but the owner and holder of an independent contract made with him by other parties. The note did not issue out of the land demised, nor was the money thereby secured the compensation for the use of the premises; but both existed as parts of a complete contract before the lease was made or even contemplated. If the defendant had been evicted during the term by a paramount title, it would have discharged him from his covenant and Stevison also; but it would not have affected the remedy of the plaintiff against the latter upon the note. If, however, it was a part of the rent reserved for the use of the demised premises, it certainly could not have been enforced after the tenant had been ousted from the possession. There was, therefore, no privity between the parties to this suit, and the action cannot be sustained for that reason. *Page 304 
The note also was collateral to the thing demised, in every sense, and the covenant to pay it did not, consequently, run with the land. (Spencer's Case, 3 Coke, 16; Taylor's Land. andTenant, 316.) The mistake, which has probably led to this action, consists in supposing that the defendant could not be made responsible to the assignor, even upon an express covenant of this kind, until the latter had paid, or in some manner satisfied the note of the plaintiff. In other words, in looking upon the covenant to pay the demand in question as a covenant of indemnity merely, whereas it was, if anything, an affirmative engagement to perform a stipulated duty; upon non-compliance with which an action could have been maintained by Stevison, and the amount of the note and interest would have constituted the measure of damages. (Gilbert v. Wiman, 1 Comst., 562; 1Hill, 145; 3 Denio, 321.)
The judgment of the supreme court should be affirmed.
Judgment affirmed.