Martin v. Campbell.

---

MARTIN *vs.* CAMPBELL and others.

The plaintiff held certain promissory notes made by C., and the defendant guarantied the payment thereof. C. becoming insolvent, made an assignment of all his property, to the defendant and others in trust, for the payment of his debts, which instrument contained a direction for the payment to the defendant of whatever sum he might or should pay in consequence of the said guaranty. Judgment was subsequently recovered against the defendant, upon his guaranty, and an execution issued thereon was returned unsatisfied. *Held* that as soon as the defendant's liability to pay the plaintiff became *fixed* by the judgment against him, it was the right of the plaintiff, in equity, to have the fund provided by the principal debtor applied in its payment; and that the assignees of C. could not divert that fund to any other purpose.

*Held also,* that the defendant being himself the trustee, or one of the trustees, and having the funds in hand to meet the sum due upon the guarantied debt, was bound in equity, in conjunction with his co-assignee, at once to apply them for that purpose; and that he could not be permitted to put his creditor at defiance on the ground of his personal inability to pay the debt, in the first instance, from his own means.

THIS was an appeal by the defendant Campbell, from an order overruling his demurrer to the plaintiff's complaint. The complaint stated that the plaintiff was the holder of nine several promissory notes against Timothy Chapman, amounting together to $10,000, and that the defendant Campbell, on the 12th of January, 1853, executed to the plaintiff a guaranty of the payment of these notes. That subsequently, and on the 10th of August, 1853, Chapman, having become insolvent, made to the defendants an assignment of all his property and effects in trust for the payment of his debts, giving preferences. That in the assignment so made, there was the following direction : "Also to pay to James C. Campbell of Rochester, New York, whatever sum he may or shall pay in pursuance of, or in consequence of, said Campbell's certain guaranty of nine certain promissory notes, made by me to John T. Martin of New York city, amounting to ten thousand dollars, and interest thereon, after becoming due, and which said guaranty bears date January 12th, 1853, signed by James C. Campbell." The complaint then stated the recovery of judgment upon the guaranty against Campbell, and the issuing of an execution thereon, and its return *nulla bona.* That the defendants had funds in their hands, after the payment of debts of a prior class, for the payment of this debt, and prayed that they might be compelled to pay to the plaintiff the debt out of such funds. The defendant Campbell demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

*S. Mathews,* for the appellant. I. By the true construction of the assignment from Chapman, the trustees are not authorized to pay any thing upon the plaintiff's debt, except to Campbell, and not to him until he shall have paid something upon his guaranty. (*Gilbert* v. *Wiman,* 1 *Comst.* 550. *Scott* v. *Tyler,* 14 *Barb.* 202.)

II. It was clearly the intention of the assignor, in the instrument of assignment, to indemnify Campbell, who was his

surety, only in case of payment, and for such sum only as he should actually pay. It was not his intention to prefer the plaintiff, or provide for the payment of the plaintiff's debt, only so far as payment might be made by Campbell. The direction to the trustees to pay is made contingent upon the prior payment by Campbell. (*Scott* v. *Tyler,* 14 *Barb.* 202.)

III. The right of the plaintiff to maintain this action must depend upon the fact whether the trustees are liable for the payment of the debt to Campbell. The plaintiff, in effect, asks to be subrogated to the rights of Campbell. But Campbell cannot compel any payment to him, until he shall himself pay something to the plaintiff. To allow the plaintiff to maintain this action, would be to give him a preference over other creditors equally meritorious, and contrary to the plain and obvious intention of the assignor.

*J. L. Angle,* for the plaintiff. It is a settled rule in equity, that creditors shall have the benefit of any counter bonds or collateral securities which the principal debtor has given to the surety, or person standing in the situation of surety, for indemnity. Such securities are regarded as trusts for the better security of the debts, and chancery will compel the execution of the trusts for the benefit of the creditors. (*Per Bronson, Ch. J., Vail* v. *Foster,* 4 *Comst.* 312, 314, *and other cases cited by him. Moses* v. *Murgatroyd,* 1 *John. Ch. Rep.* 119, 129. 1 *Story's Eq.* §§ 502, 638.)

*By the Court,* E. DARWIN SMITH, J. The provision in the assignment of Chapman, for the payment to the defendant Campbell, of whatever sum he may or shall pay in pursuance or consequence of said Campbell's guaranty of the nine promissory notes of Chapman to the plaintiff, therein mentioned, is not a distinct preference in behalf of the plaintiff, of his debt, but a mere provision of indemnity to Campbell against his liability for its payment. It was doubtless supposed, at the time of making this assignment, by the parties,

that there was some question in respect to Campbell's liability on his guaranty of said notes, and it was probably the intention of the parties to contest in the courts such question; and this provision in the assignment was designed as a contingent indemnity to Campbell against any such sum as he should be ultimately compelled by law to pay, by reason of his guaranty of said notes. Campbell obviously was not expected to pay these notes voluntarily; but if compelled to pay them by law, then he was to be indemnified for such payments, by the assignees of Chapman, from the proceeds of the assigned property. Campbell, accordingly, has contested his liability on his guaranty of said notes, and a recovery of the amount thereof has been had against him; yet, though executions have been issued against him, and the same have been returned unsatisfied, he has not yet paid any thing or been compelled to pay any amount in satisfaction of such judgments, or in discharge of his liability on such guaranty. As Campbell has not thus yet sustained any loss or paid any sum whatever, upon such notes, it is claimed by the counsel for the defendants that this provision in the assignment is inoperative, and that as he could not maintain any action upon it, his creditor, the plaintiff, cannot. This doubtless would be so at law, within the cases of *Gilbert* v. *Wiman*, (1 *Comst.* 530,) *Scott* v. *Tyler*, (14 *Barb*. 202,) and numerous others, but I think it is not so in *equity*. This provision in the assignment is certainly a collateral security to Campbell against his liability on his guaranty of these nine notes held by the plaintiff at the time. Judgments having been recovered against him on such guaranty, a *clear, fixed* and *certain duty* rests upon him in law and equity to pay such judgments. As one of the assignees of Chapman, he has virtually in his own hands, or in connection with his co-assignees, a fund expressly created and appropriated to pay this debt. This fund is a security provided by the principal debtor for that purpose; and it is a settled principle in equity that when the principal debtor has given to his surety any securities for his indemnity, such securities are

regarded as *trusts* for the benefit of the creditors. (4 *Comst.* 312. *Vail* v. *Foster*, 1 *Story's Eq.* 55, 502 *and* 638.) As soon as Campbell's liability to pay the plaintiff became *fixed* by the judgment against him, it was the right of the plaintiff, in equity, to have the fund provided by the principal debtor applied in its payment. The assignees of Chapman could not divert this fund to any other purpose. It was provided and set apart expressly to meet this liability of Campbell. His insolvency cannot operate to discharge or diminish his claim, that the fund remain unappropriated in the hands of the assignees, in sacred trust to meet this debt, so long as his liability for its payment remains. Equity considering this fund as thus set apart expressly to pay this debt, and that it is Campbell's duty to pay the same, lays hold of the fund in the hands of the assignees, and appropriates it at once for the payment of the debt for which it was created and set apart. It seems to me quite clear that Campbell being himself the trustee, or one of the trustees, and having the funds in hand to meet this debt, is bound in equity, in conjunction with his co-assignee, at once to apply it for that purpose, and cannot be permitted to put his creditors at defiance on the ground of his personal inability to pay this debt, in the first instance, from his own means. What he is, in law and equity, bound to do, he should be deemed so far to have done, as to entitle him to claim and appropriate the funds in the hands of the assignees for the discharge of the plaintiff's debt. It is Campbell's right and duty, upon this hypothesis, to claim the appropriation of the funds in the hands of the assignees to discharge this debt, and the plaintiff has a right, through this court, to claim the enforcement of such duty, and to reach the fund for the payment of his judgments. I think the decision of the special term overruling the demurrer to the plaintiff's complaint should be affirmed.

Order affirmed.

[Monroe General Term, March 7, 1859. *Welles, Smith* and *Johnson,* Justices.]