GEORGE W. WHITE *vs.* THOMAS W. FRENCH.

A bond was given to an officer with condition to indemnify him from all suits, damages and costs whereto he might be liable or obliged by law to pay by reason of an attachment. The owner of the property attached recovered judgment against the officer for more than the amount of the penalty of the bond, and the execution thereon was satisfied by the assignment of the bond to the owner of the property. *Held*, that in a suit on the bond the obligor was liable for the full amount of the penalty, with interest.

ACTION OF CONTRACT on a bond in the sum of $200, dated January 22d 1856, the condition of which was that whereas the plaintiff, as a deputy sheriff, by virtue of a writ or process issued in favor of the defendant against C. B. Jones, had on the 5th of January 1856 attached a horse, wagon and harness as the property of Jones, and held them for sale on execution, the defendant should "well and truly indemnify and save harmless the said White of and from all suits, damages and costs whatever whereto he may be liable or obliged by law to pay to any person or persons by reason of the said attachment, or any further intermeddling of the said White by virtue of said process."

In the superior court of Suffolk at May term 1858 a breach of the bond was admitted, and upon the assessment of damages by *Morton*, J. the following facts appeared: This defendant brought an action against Jones in which White served the writ and attached the horse mentioned in the bond. Asa P. Cleverly and Caleb S. Cleverly brought an action against White, claiming the horse as their property, which action French undertook to defend; but the Cleverlys obtained judgment and execution for $200 damages and $136.07 costs. White immediately and repeatedly requested French to satisfy the judgment, but he neglected and refused so to do; and White was arrested on the execution, carried before a magistrate, and gave sureties for his appearance within ninety days. White subsequently made an agreement with the Cleverlys, by which for the expressed consideration of $350, being the amount of the execution with interest and costs, he conveyed to them certain land and assigned to them the bond; and this action was brought for their

benefit, and the execution was returned satisfied. The land was in fact so incumbered that in the opinion of the judge the conveyance was of no pecuniary value. The judge assessed the actual damages sustained by the plaintiff in mental mortification, loss of time and trouble and of money, independently of the value of the land, at $40. The defendant contended that execution should issue for $40 only. But the judge ordered judgment for $214, being the penalty of the bond, and interest from the time of demand; and that execution issue for that amount. The defendant alleged exceptions.

*B. Dean,* for the defendant. The bond was intended to indemnify only against final, actual loss. *Churchill* v. *Hunt,* 3 Denio, 326, 327. *Crippen* v. *Thompson,* 6 Barb. 532. *Aberdeen* v. *Blackmar,* 6 Hill, 324. *Jeffers* v. *Johnson,* 1 Zab. 73. Sedgwick on Damages, (3d ed.) 311–313. It appears from the recital in the bond that it was given with full knowledge that a suit would be brought against the plaintiff; in this, the case differs from *Warwick* v. *Richardson,* 10 M. & W. 284, and all other cases where a liability has been held a breach of the bond. The defendant was liable to an action by the Cleverlys, and thus, if the plaintiff did not pay to them the amount which might be recovered against him in this action, he would be compelled to pay twice. 1 Chit. Pl. (6th Amer. ed.) 80. Bul. N. P. 41. *Menham* v. *Edmonson,* 1 Bos. & Pul. 369. *Allanson* v. *Atkinson,* 1 M. & S. 583. *Campbell* v. *Phelps,* 1 Pick. 64. *Broome* v. *Wooton,* Yelv. 67, & Amer. note. *Badkin* v. *Powell,* Cowp. 476. The liability of the plaintiffs is reduced and limited to the amount of damages actually sustained. The defendant should be allowed the amount expended by him in defending the suit against the plaintiff. Interest should not have been allowed. Rev. Sts. *c.* 100, §§ 8, 9.

*E. M. Bigelow,* for the plaintiff.

DEWEY, J. The only inquiry in the present case is that as to the rule of assessing damages in a case like the present. There has been a breach of the bond. A judgment has been recovered against the plaintiff by a third person, as owner of the property, to the amount of the full penalty of the bond; and

that judgment has been discharged by the plaintiff in the man-
ner set forth in the bill of exceptions, and the defendant, al-
though requested to satisfy the same, has neglected and refused
so to do.

A. distinction has sometimes been taken between the cases
of a bond that the officer "shall not sustain any damage or mo·
lestation whatever" by reason of doing the act for which the
bond was given; and a bond to save the obligee "from liabil-
ity, or legal charge, and from all suits;" holding as in the case
of *Gilbert* v. *Wiman*, 1 Comst. 550, that under the first form
of obligation a mere judgment without satisfaction by the
obligee would not authorize the recovery of the amount of the
same against the obligor; while under the latter form of con-
dition a mere judgment against the obligee would be quite suf-
ficient foundation to recover the amount of the same, as was
held in *Webb* v. *Pond*, 19 Wend. 423; *Rockfeller* v. *Donnelly*, 8
Cow. 623; *Chace* v. *Hinman*, 8 Wend. 452; and *Warwick* v.
*Richardson*, 10 M. & W. 284.

The obligation in the present case resembles more the last
class, and, as an indemnity to an officer who should not be re-
quired to advance his own money for the benefit of his em-
ployer, it would seem reasonable that upon a judgment being
rendered against the officer, and the rights of all parties fixed,
a recovery to the full amount of the judgment might properly
be had. This case does not however present that simple ques-·
tion. It is a case of a judgment recovered, and that judgment
satisfied, but not by payment of the same in cash. The plain-
tiff, it appears, upon the neglect and refusal of the defendant to
satisfy the execution, was arrested thereon and carried before a
magistrate, the execution being in due form levied upon his body,
and subjecting him to discharge himself as a poor debtor or
be committed to jail. Subsequently the plaintiff discharged
the judgment by conveying certain land of little value, and
assigning to the creditors in the execution the bond in suit in
the present action.

In this state of the facts, the defendant insists that the recov-
ery in this action upon the bond should be limited to the actual

damages sustained by the officer, which is found to be forty dollars. This is not, as we think, the true view of the case. The judgment was not discharged merely by the forty dollars, or that which constitutes that basis of that calculation. The assigning of this bond for the benefit of the creditors was a substantial part of the satisfaction. It was no less a payment of the residue of the liability, that the plaintiff was able to discharge that judgment by assigning this bond in part satisfaction. It would have been quite as easy for the parties to have avoided all objections of this character, by the plaintiff giving his negotiable note to the judgment creditors, and assigning to them this bond as collateral security for the payment of the note. But we think that this was unnecessary, and that the creditors were authorized to take the assignment of the bond in discharge of the judgment, and that the same may be now made available to them through the obligee of the bond, and by a suit in his name.

The objection that the defendant may yet be liable to the owner of the property as a joint wrongdoer, and as such may be charged in an action of tort, is entirely obviated if the present action is maintainable for the full amount of the judgment, as the damages for the original wrongful taking will have been fully satisfied.

Interest may be properly added to the penal sum of the bond in the present case. There exists no reason for any deduction from the penalty of the bond on account of expenditures by the defendant in defending the suit against the officer. The actual recovery was to an amount that will exhaust the bond.

*Exceptions overruled.*