(37 App. Div. 539.)

MARKS v. ENGLUND.

(Supreme Court, Appellate Division, First Department.    February 24, 1899.)

SALES—NONPERFORMANCE—NECESSITY OF DEMAND.
    Where the consideration for a sale was the payment by the buyer of certain of the seller's debts, a demand for performance is not necessary to give the seller a right of action for breach of the contract.

Appeal from trial term, New York county.
    Action by Jacob Marks, as receiver of Albin Wibom, against Charles Englund. From a judgment for defendant entered upon a directed verdict, and from an order denying a new trial, plaintiff appeals. Reversed.
    Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

G. Hahn, for appellant.

VAN BRUNT, P. J. This action was brought by the plaintiff, as receiver of Albin Wibom, appointed in supplementary proceedings. The complaint alleged the due appointment of the plaintiff as such receiver, and that in May, 1896, the judgment debtor was the owner of a certain restaurant and hotel business situate at Sixty-Sixth street and Lexington avenue; that in said month he executed and delivered to the defendant a bill of sale transferring said hotel and restaurant business to the defendant for the alleged consideration of $10,000; and that it was agreed that said consideration should be paid as follows: That the defendant should cancel an alleged indebtedness of Wibom to him, amounting to $1,500; that $8,000 should be paid by the execution and delivery of a mortgage for that amount by the defendant to the wife of the judgment debtor, such mortgage to cover the said restaurant and hotel business and the contents thereof; and that the defendant should pay the remaining $1,500 by satisfying and paying certain debts and liabilities then owing by the judgment debtor, amounting to $1,500. The complaint

further alleged that the defendant had not performed said agreement on his part, in that he had not paid the debts of said Wibom, or any part thereof, except the sum of $100; and that, in consequence of the breach of contract on the part of said defendant above set forth, said Wibom was damaged in the sum of $1,400, and the consideration of such transfer or bill of sale failed to that amount. The answer denied any knowledge or information sufficient to form a belief in reference to the obtaining of the judgment and the appointment of the plaintiff as receiver; and also denied the allegations of non-performance; and admitted, by not denying, the transfers set forth in the complaint, and for the consideration therein named. Upon the trial of the case, the plaintiff offered in evidence the proof of his due appointment as receiver, and certain portions of a deposition made by the defendant on the 6th of August, 1897, as a witness in the supplementary proceedings, in which, among other things, the defendant stated that all that he had paid on account of the debts above mentioned was the sum of $100. The defendant then offered in evidence what is called a "bill of sale under seal," dated April 5, 1897, whereby Wibom, in consideration of $1,500 paid to him by the defendant, the receipt of which was acknowledged, transferred the hotel known as the "Palmer House," in the city of New York, together with the good will, furniture, stock in trade, etc., subject, however, to the claims of certain creditors, amounting to $1,595.05, which the defendant assumed and agreed to pay. The defendant then offered to prove that, of the creditors mentioned in said bill .of sale, Beadleston & Woerz had accepted the defendant as their debtor for the sum of $310; that Spear Bros. had been paid $287 in full for their claim; and that the indebtedness of Carstairs, Mc-Call & Co., amounting to $525, had been paid. But there was no evidence that anything had been paid by the defendant to John Leffler & Co.; nor was there any evidence that the judgment debtor, Wibom, had paid anything to said Leffler & Co. At the close of the evidence the defendant's counsel moved for judgment, and the plaintiff also moved for the direction of a verdict, or, if that was denied, that he might be permitted to go to the jury upon the facts. The court denied the plaintiff's motion for a direction of a verdict, and directed a verdict for the defendant, upon the ground that, under the agreement of sale, the defendant had a reasonable time to pay the indebtedness assumed by him, and that there was no evidence that the plaintiff, or Wibom, for whom he was appointed receiver, had ever demanded the payment of those debts. From the judgment thereupon entered, and from an order denying motion for new trial, this appeal is taken.

We are of opinion that a demand was not necessary in order to give the plaintiff a right of action, if the other necessary elements were present. This is expressly held in Thomas v. Allen, 1 Hill, 145, and Churchill v. Hunt, 3 Denio, 321, and cases therein cited. It is held in those cases that, where there is an agreement to pay a debt which is past due, the agreement is broken immediately upon its execution, and it is the duty of the party agreeing to pay to do so at once. This being the state of the law, no demand was necessary

to put the defendant in default, so far as the payment of the debts mentioned in the bill of sale was concerned.

We think, therefore, that the ground upon which the verdict was directed was not well founded, and that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.