## McGEE a. ROEN.

*New-York Superior Court ; Special Term, March,* 1856.

COMPLAINT AGAINST SURETIES.—ACTUAL DAMAGE.

In an action against sureties, upon a breach of a mere contract of indemnity, the complaint must aver *actual* damage.

But a contract to save from a *legal liability*, from a suit, claim, or demand, or the like, gives a right of action without an averment of actual damage.

The legal liability is, in such case, the measure of damages.

Demurrer to a complaint.

This action was brought by James McGee, against Terence Roen, John Darragh, John Doyle, and George McDonald. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

*Mr. Townsend* for defendants.

*Mr. Devereux* for plaintiffs.

HOFFMAN, J.—The plaintiff and one Thomas McKenna were partners in trade as plumbers, and dissolved their connection on October 18, 1854. They agreed by an instrument of that date that McKenna should retain and keep to his sole and separate use the partnership property of every kind ; and, in consideration thereof, he undertook to pay and discharge the debts due by such firm to the extent of $1,217.67, out of his own resources, and to the like extent to hold the plaintiff harmless and indemnified by reason of any claims against or liabilities of such firm.

The defendants, for and in consideration of the said agreement between the plaintiff and McKenna, and of one dollar to them paid, by an instrument in writing of the same date duly executed and signed by them severally, undertook and bound themselves to the plaintiff for the faithful performance by said McKenna of the agreements stated in such instrument between the plaintiff and him, and on his part to be performed and kept.

McKenna kept and retained all the partnership property, but has not paid the debts due by the firm to the amount specified, and has failed to keep the plaintiff harmless and indemnified from the debts and liabilities of the firm.

At the time of such dissolution the firm owed the firm of Le Roy & Co., for merchandise sold and delivered, the sum of $179.81. Such indebtedness formed part of the sum of $1,217.67, the debts of the firm, to be paid by said McKenna. But McKenna, though requested, would not pay or cause to be paid such amount of $179.81, nor any part thereof. Thereupon, on August 23, 1855, an action was commenced against him by the present plaintiff for such amount of $190.25, and judgment was recovered in December for the sum of $242.55, including costs; and execution has been issued, and returned unsatisfied. Anterior to the commencement of such action, the plaintiff caused notice to be served on the defendants respectively as sureties, of his intention to commence such action to compel the payment of the debt aforesaid to Otis Le Roy & Co., by McKenna or for him, but the defendants neglected to pay attention to such notice.

As another cause of action, the complaint sets forth that in consequence of the neglect of McKenna to comply with his agreement, the plaintiff has necessarily paid and expended for legal costs, counsel fees, and reasonable disbursements, sums of money amounting in the aggregate to ninety dollars, which remain unpaid by McKenna, who has refused, although requested, to pay the same.

The plaintiff demands judgment for the sum of $242.55, the amount of the judgment against McKenna, with interest; and, also, for the sum of $90 for such costs and charges.

Numerous cases have been cited by counsel; and it has been observed by Judge Pratt, that no branch of the law has been more fluctuating than that relating to the rule of damages in contracts for indemnity.

The obligation of the defendants as sureties is coextensive with that of McKenna, for whom they bound themselves. If an action would lie against him, it will against them. But I doubt whether the judgment by default against McKenna, even after the notice to defendants, is decisive of this point (6 *Hill*, 324). It is needless to pass upon that question.

Aberdeen *v.* Blackman (6 *Hill*, 324) settled this point, that if the covenant is simply to *indemnify and save harmless* one party from any claim or demand of another, it is not enough that the latter has got judgment against the former. It is necessary that he should pay the amount before he can sue on the covenant of indemnity.

In Gilbert *v.* Wiman (1 *Comst.*, 550) the subject was fully examined in the Court of Appeals, and the following propositions appear to be the result.

The point decided in Aberdeen *v.* Blackman is recognized as law. There must be actual damage under a mere contract for indemnity.

But a contract, to save from a legal *liability*, or a legal *charge*, or a suit, *claim*, or demand, prosecuted or *made* against the party, gives a right of action without averment of actual damage. The legal liability is the measure of damage.

The case itself was of a covenant in a bond, that if the deputy-sheriff should so demean himself in all matters touching his duty as such, that the said sheriff shall not sustain any damage or molestation whatever by reason of any act done, or liability incurred by and through said deputy. The sheriff had been sued to judgment for the default of the deputy. It was held that he was not liable. There was no breach until payment. The agreement meant that the plaintiff should not sustain any *actual damage by reason* of any liability incurred by the act of the deputy.

In the present case, the contract of McKenna was to pay the debts of the firm, an affirmative covenant for a specific thing. The engagement of the defendants was that he should pay such debts. The breach is perfect by his omission to pay. The case of Churchill *v.* Hayes (3 *Den.*, 321) is perhaps more applicable in its circumstances to the present, than any other in our courts.

I do not feel called upon to say any thing as to the demand for the ninety dollars, or for the costs of the action against McKenna.

The judgment must be for the plaintiff on the demurrer, with costs ; with liberty to answer in ten days upon payment of costs.