Supreme Court, December, 1917.     [Vol. 101.

James W. Collins, Plaintiff, *v.* Lizzie F. Scannell, as Administratrix, etc., Defendant. (Action No. 2.)

(Supreme Court, New York Trial Term, December, 1917.)

Bonds — action to recover — highways — city of New York.

In an action to recover upon bonds given to the city of New York by defendant and her testator, covenanting to reimburse the city for the amount of salary paid to said testator as superintendent of highways of one of the city boroughs for two certain years, which might thereafter accrue or become due to the legally appointed superintendent of highways of said borough, it is incumbent upon the plaintiff, the assignee of the bonds, to show that the city was required to and did pay to him the whole or some part of said salary which it had already paid to defendant's testator for services as superintendent of highways during the years in question, and as the city which during that time never paid the salary to any person other than defendant's testator may not recover on the bonds, the complaint should be dismissed.

Action to recover on bonds.

John W. Browne, for plaintiff.

O.'Gorman, Battle & Vandiver, for defendant.

Cohalan, J.  Plaintiff sues to recover the sum of $10,000 on two bonds, executed respectively in sums of $5,000 each on November 15, 1904, and January 16, 1904, by the defendant and the defendant's testator. The bonds were furnished by the defendant and the defendant's testator because the city of New York refused to pay the defendant's testator's salary for the years 1904 and 1905 unless the defendant and the defendant's testator agreed to *reimburse* the city in case the city should subsequently be required to pay

the same salary again to the plaintiff herein. The bonds in terms specifically read that the defendant's testator and the defendant, his wife, "covenant, promise and agree to pay to the City of New York and *reimburse* it for any and all sums of money which the city of New York pays to said George F. Scannell, both for salary already paid or which is to become due and accrued, and for salary which it may pay to said George F. Scannell which may hereafter accrue or become due to the legally appointed superintendent of highways of said borough of Manhattan * * *." The bonds are indorsed as indemnity bonds and were undoubtedly so regarded by the parties thereto. The marking thereupon, the language therein and the circumstances surrounding their execution seem to establish this as a fact. They were not given to cover the entire period that the defendant's testator was superintendent of highways, but only to cover the salary paid by the city during the years 1904 and 1905. In the complaint it does not appear that the city of New York has been damnified in any sum by reason of having paid the defendant's testator the salary of superintendent of highways for the years of 1904 and 1905. The city never paid to the plaintiff or any other person other than Scannell the salary during these years. The indemnitee, on a contract of indemnity, may not recover if no damage has been suffered, and if he has suffered damage he may recover only to the extent that he has been damnified. It is my view that it was incumbent upon the plaintiff to show that the city of New York was required to pay and did pay to him the whole or some part of the sum of $10,000 which it had already paid to the defendant's testator for his services as superintendent of highways during the years in question. *Holmes* v. *Weed,* 19 Barb. 128; *McGee* v. *Roen,* 4 Abb. Pr. 8; *Hudson River Telephone*

*Co.* v. *Ætna Life Ins. Co.*, 66 Misc. Rep. 329; affd., 138 App. Div. 931; *White* v. *Maryland Casualty Co.*, 139 id. 179. The plaintiff, as assignee of the bonds, stands in no better position with respect to them than the city of New York, as the assignor, and since the city may not recover on the bonds the plaintiff is without remedy, and the complaint is dismissed.

Judgment accordingly.