## GILLELAND, executor of ZIMERMAN, *vs.* FAILING.

One whose wife may inherit land from a claimant out of possession, may lawfully maintain the suit of such claimant to recover the land, under an agreement to have the whole avails of the recovery.

Accordingly, where a person claiming title to land held adversely, executed a power of attorney to her son-in-law, to bring suits in her name for the land, *but for his own benefit;* HELD that the transaction was legal.

The provision of the revised statutes, allowing a party bound by an instrument under seal to set up a want of consideration, at law, is limited to actions and set-offs upon such instruments, and does not apply where a specialty is given in evidence for a collateral purpose.

Hence in *assumpsit* for money had and received, brought by an executor, in which the defendant makes title to the money under a mortgage executed by the tes-

tatrix, it is not competent for the plaintiff to show that the mortgage was given without consideration.

The executors of a deceased person cannot impeach a voluntary transfer of property made by their testator, unless there exist debts against the estate. *Per* BEARDSLEY, C. J.

ASSUMPSIT, for money had and received, tried at the Montgomery circuit in May, 1845, before WILLARD, Cir. J. Plea, *non-assumpsit.*

The plaintiff's testatrix, Magdalena Zimerman, had claimed title to an undivided part of certain lands of which her father died seized many years before; and on the 17th day of March, 1845, she executed to the defendant, who was her son-in-law, a power of attorney, under her hand and seal, as follows :

"I hereby authorize and empower, Henry Failing, jun. of the town of Oppenhiem in the county of Montgomery, for me and in my name, and as my attorney, to demand the posses· sion of an undivided fifth part of all that farm, piece and parcel of land lying and being in the town of Canajoharie, and county aforesaid, being the farm whereof my father, Nicholas Failing, died seized, about the year of our Lord 1787; and in case of the refusal of the person or persons in possession thereof, or of any part thereof, to deliver unto him the said possession, I do further authorize and empower him to commence an action or actions for the recovery of the same or any part thereof, and to prosecute the same to judgment and execution in my name, *but to and for the special benefit of himself ;* and I do further hereby authorize and empower my said attorney in my name to do all and every act, matter or thing that may be necessary in the result of the matter in and about the premises for which this power is extended, in law and equity, and in every lawful act whatever. In witness whereof," &c.

On the 6th day of July, following, Mrs. Zimerman, the testatrix, executed to the defendant a mortgage on the land referred to in the power of attorney, to secure the payment of $3,500.

The defendant caused several suits to be commenced to re-

cover possession of the land mentioned in the power of attor-
ney, which were, on the 22d day of December, 1838, com-
promised between the present defendant and the defendants in
those suits, upon the terms mentioned in a written instrument
executed on that day by him to them, as follows:

"For and on behalf of Mrs. Magdalena Zimerman, I have
compromised with Messrs. Lawrence Gros and Nicholas Gros,
all the costs, litigations, damages, &c. connected with a claim
of said Magdalena in and to the Nicholas Failing farm, (so
called,) situate in Canajoharie; by their paying me the sum of
two thousand and one hundred dollars, (of which I to-day received
sixteen hundred dollars cash and their note for five hundred
dollars,) and upon their paying all the just, legal and taxable
costs, for which said Magdalena may be liable to her attorney
and counsel. Now I agree to procure from her to said Groses,
a quit-claim deed executed and acknowledged, in and to all
said lands in dispute, which has yesterday been prepared, and
further quit-claim assurances at their expense, if desired within
her lifetime, to other persons in and to said lands; and I also
agree within a reasonable time to cancel a mortgage given by
her to me a few years since upon said land, to the end that it
be cancelled of record. Nothing but taxable costs to be paid
after a definite taxation and as then taxed. Dec. 22d, 1838."

Mrs. Zimerman, on the same day, executed the quit claim
deed which had been prepared, to L. and N. Gros. It was ex-
pressed to be in consideration of $2100, and contained the fol-
lowing clause: "And it is nevertheless understood and agreed
by the said party of the first part, [Mrs. Zimerman,] that the
consideration money above mentioned is to be and is paid to
Mr. Henry Failing, [the defendant,] in satisfaction of a certain
mortgage given by me to said Henry Failing, sometime in the
year 1835." On the same day on which the instrument re-
specting the compromise and the quit claim deed were executed,
Mrs. Zimerman executed, under her hand and seal, an instru-
ment in writing which recited that the defendant, as her agent
had caused to be brought and prosecuted certain ejectment
suits; that the same were compromised by him for her, and

Gilleland *v.* Failing.

that she had executed the aforesaid quit claim deed on the compromise, and that thereupon the defendant had executed certain writings for her; after which it proceeded as follows: "I hereby approve of said doings and all others done by said Failing for me; and said Failing is to retain the avails received by him on such settlement, and to be received in payment and satisfaction of his demands and claims against me on the mortgage given by me to him some years ago"—"and any others he may have against me; and to have said mortgage cancelled." It was shown that the mortgage was cancelled accordingly.

The plaintiff gave certain evidence having some tendency to show that the mortgage was without consideration. The will of Magdalena Zimerman by which the plaintiff was appointed executrix was executed in July, 1839. It revoked all former wills.

The judge charged the jury that the plaintiff was entitled to recover the sum received by the defendant on the settlement of the ejectment suits with interest; that the power of attorney given in evidence was illegal and void, the testatrix having no right to authorize the defendant to prosecute actions of ejectment in her name for his own benefit; that the mortgage given by the defendant to the testatrix was void for the want of a pecuniary consideration, and that the plaintiff had the same right to take advantage of the want of consideration for the mortgage, which he would have had if there had been creditors of the testatrix. The defendant's counsel excepted. Verdict for the plaintiff. The circuit judge on a review of the case had directed a new trial, and the motion made here was in consequence of an appeal by the plaintiff which abrogated that order.

*N. Hill, Jr.* for the defendant, moved for a new trial on a bill of exceptions. The doctrine of champerty and maintenance which formerly prevailed, is not now the law of this state. Nothing now remains of these principles except what is expressly enacted in the revised statutes, which has no applica-

Gilleland v. Failing.

tion to this case. (2 R. S. 691, § 6; Mott v. Small, 20 Wend. 212; S. C. in error, 22 id. 403.) But the transaction would not have been illegal in any state of the law. The relation of the defendant to the plaintiff's testator, warranted the arrangement which was made. (Thalhimer v. Brinckerhoff, 3 Cowen, 623.) The plaintiff could not impeach the consideration of the mortgage. The statute does not apply to instruments given in evidence for a collateral purpose. (2 R. S. 406, § 77.)

R. R. Lathrop & J. A. Spencer, for the plaintiff. The power of attorney was illegal and void. The object was not to prosecute suits for the benefit of the testatrix; but it was, virtually, the sale of a pretended title. (2 R. S. 691, § 6; Thalhimer v. Brinckerhoff, 20 John. 386.)

It was competent for the plaintiff to show that the mortgage was without consideration. (2 R. S. 406, § 77; Noble v. Smith. 2 John. 52; Fink v. Cox, 18 id. 145; Case v. Boughton, 11 Wend. 106; Tallmadge v. Wallis, 25 id. 107.)

By the Court, BEARDSLEY, Ch. J. It is not material to inquire in this case, how far, or in what respect, if at all, the old law of champerty and maintenance was abrogated or modified by the revised statutes; (Mott v. Small, 20 Wend. 212; S. C. 22 id. 403;) for if no change whatever was thus made, it would not follow that the power of attorney from the plaintiff's testatrix to the defendant, was illegal and void, as was held at the circuit. The defendant was her son-in-law, and his wife might become entitled to the land by descent from her mother; it was, therefore, not illegal for him to carry on suits in her name, at his own expense, for the recovery of such land, either with or without an agreement that he should be benefited by the recovery. This was so held by the court of errors, in the case of Thalhimer v. Brinckerhoff, (3 Cowen, 623;) and the principle must be regarded as incontestable. (Campbell v. Jones, 4 Wend. 306.)

So far as respects the mortgage given to the defendant by the testatrix of the plaintiff, he stood in her stead, and might

Gilleland *v.* Failing.

set up any matter to invalidate it which would be admissible in her favor if she were living and plaintiff in the suit. The common law would not permit a mortgagor, or the maker of any other sealed instrument, to impeach it by showing that it was made without an adequate consideration. But this rule has been modified by statute, for where a sealed obligation is directly in question, as the foundation of an action or a set-off, the obligor may avoid it by showing the want of a sufficient consideration. (2 *R. S.* 406, §§ 77, 78.) This principle is inapplicable to the present case, the mortgage not being directly in issue as the foundation of a recovery or of a defence by way of set-off. If the mortgage was in any way material in this case it was because the money received by the defendant, and for which the action was brought, had been paid to him in satisfaction of the mortgage debt due from the plaintiff's testatrix, so that, if the plaintiff could show that there was no such debt, the inference would follow that the money was received for the use and benefit of the testatrix. But as the common law will not permit a mortgage to be thus invalidated, and the statute is inapplicable to such a case as this, no inquiry as to the consideration of this mortgage was admissible.

The testatrix was not shown to owe so much as a dollar at her decease, so that the rights of creditors, whatever they may be in a case circumstanced like this, cannot be drawn in question.

The money for which this action was brought, was received by the defendant as payment on the mortgage given to him by the plaintiff's testatrix, or as a direct gift from her. There is no room on the evidence, for even a pretence that, in point of fact, the defendant received the money as belonging to the testatrix and to be paid over to her. By the original agreement, as shown by the power of attorney, the defendant was to carry on suits for the recovery of the land claimed, for his own " special benefit;" and when the compromise of these suits was made, the testatrix, who was a party to that compromise, expressly declared by the quit-claim deed then executed by her, that the amount agreed to be paid for the land, was to be re-

ceived by the defendant·in the present suit, in satisfaction of the mortgage she had previously given to him. The same thing was affirmed in the release or confirmation, executed by the testatrix under seal, at the time of making said compromise; the words used in that instrument being, that " said Failing is to retain the avails received by him on such settlement, and to be received, in payment and satisfaction of his demands and claims against me on the mortgage given by me to him some years ago"—" and any others he may have against me, and to have said mortgage cancelled." There is much other evidence to the same effect; but, if the testatrix executed these instruments without fraud, the evidence was quite conclusive that both the testatrix and the defendant intended the twenty-one hundred dollars should be absolutely his own. He received the money, in form at least, as payment on the mortgage, and if the mortgage is to be held valid, the payment was equally so. But if the mortgage could be set aside as void for the want of consideration, or on any other ground, it would not follow, in every such case, that the money received upon it could be recovered back. The general rule is otherwise, for a payment voluntarily made, can in no case, except under peculiar circumstances, be recalled.

New trial granted.