Hawley *v.* Griswold.

[ALBANY GENERAL TERM, March 2, 1863. *Gould, Peckham* and *Miller,* Justices.]

---

HAWLEY *vs.* J. S. GRISWOLD, impleaded &c.

J. S. G. & S. G. being indebted to the plaintiff upon a note made by them jointly, rendered an account of wood delivered by them to the plaintiff, under certain contracts, and a settlement being made between the plaintiff and S. G., a balance of $260.46 was found due from the plaintiff to J. S. G. & S. G. for wood, which amount the plaintiff, with the consent of S. G., indorsed upon the note. J. S. G. previous to such settlement had consented that whatever sum was due to the plaintiff on the wood contracts should be indorsed on the note, and after the indorsement was made, he said it was all right. *Held* that the indorsement must be held to have been made by the direction and with the consent of J. S. G., and was a payment by him, which prevented his interposing the defense of the statute of limitations.

Admissions of a party, whether of law or of fact, when acted upon by others, are conclusive against the party making them, in all cases between him and the person whose conduct he has thus influenced.

A defendant will not be allowed to give evidence of a particular fact where

it appears, 1st. That he has made an admission which is clearly inconsistent with the evidence he proposes to give; 2. That the plaintiff has acted upon the admission; and 3d. That the plaintiff would be injured by allowing the truth of the admission to be disproved.

APPEAL from a judgment entered upon the report of a referee, by the defendant James S. Griswold.

This action was brought by the plaintiff to recover the amount of a certain promissory note which was given for money borrowed .of the plaintiff by the defendant, Sherman Griswold, of which note the following is a copy:

"500.   On demand, for value received, we jointly and severally promise to pay Alexander Hawley, or bearer, five hundred dollars and interest.   Chatham, March 31st, 1854.

(Signed)       ·                    SHERMAN GRISWOLD.
                                    JAMES S. GRISWOLD.
(As security.)                      H. W. GOTT."

[Indorsed.]   "Rec'd on the within note 260$\frac{46}{100}$ dollars, April 20th, 1859; Rec'd on the within note fifty dollars, Nov. 5th, 1859; April 2d, 1860, Rec'd on the within, one hundred dollars."

The note belonged to the plaintiffs.   The defendant Sherman Griswold did not answer the complaint.   The defendants, James S. Griswold and Harvey W. Gott, each answered separately, setting up the statute of limitations, and denying the making of any payments by either of them upon the note.

It appeared upon the trial that in March, 1853, and previous to the 22d of October, 1853, some cord wood had been delivered by Sherman Griswold to the plaintiff, and on the 22d day of October, 1853, the said Sherman Griswold and James S. Griswold, of the one part, and the plaintiff of the other part, executed two agreements bearing date on that day.   By one of them the said Sherman and James Griswold agreed to deliver to the plaintiff 400 cords of wood by the first day of January, 1855, and by the other 600 cords by

the first day of April, 1856, at $3.75 a cord. Wood was furnished and delivered under said agreements from time to time from November 12, 1853, to June 15, 1857. On the 20th day of April, 1859, an account was rendered by Sherman Griswold to the plaintiff of the wood furnished and delivered under the said agreements; including the wood which had been delivered to the plaintiff before the making of the agreements of October 22d, 1853. This account was headed as follows: "Ezra Hawley to Sherman Griswold and J. S. Griswold deb. for wood," and footed up at $3392.08, and on the same day and at the time of rendering said account, a settlement was made with the plaintiff by the defendant Sherman Griswold, and a receipt in full given, written at the bottom of the account and signed "Sherman and James S. Griswold," such signature being made by the defendant Sherman Griswold. On such settlement a balance of $260.46 was found due from the plaintiff, which the plaintiff on the same day indorsed upon the note in this action, and which is the first indorsement on said note, under date of April 20th, 1859. Previous to this settlement the defendant had consented, to the plaintiff, that what was due on the wood should be indorsed on this note, and after the indorsement was made said it was all right.

The defendant Gott made some payments upon the note. Several objections were taken to the rulings of the referee in refusing and receiving evidence, which are particularly stated in the opinion. The referee reported in favor of the plaintiff for the balance due upon the note after deducting the indorsements, being the sum of $331.75, and the defendant James S. Griswold duly excepted to his decision. A judgment was entered upon the referee's report, and the defendant James S. Griswold appealed to the general term.

*J. C. Newkirk,* for the appellants and defendants.

*H. N. Wright,* for the respondent and plaintiff.

Hawley v. Griswold.

MILLER J.  The principal question presented in the case at bar is, whether the indorsement of the $260 due on the wood contracts upon the note, was due by the direction and consent of James S. Griswold, and was a payment by him which prevents his interposing the defense of the statute of limitations.  The money thus indorsed was due from the plaintiff to the defendants, Sherman & James S. Griswold, upon their joint contract.  As joint owners both parties were equally interested in it, and both consented to this appropriation of it.  Although Sherman alone was present at the settlement, yet there is some reason for urging that the application was the act of both the parties, and hence that James has made the payment as much as Sherman.  The referee has found, and there appears to be sufficient evidence to warrant the conclusion at which he arrived, that James S. Griswold consented that the money due on the wood contracts should be indorsed on this note, and after it was indorsed said it was all right.  James certainly assented to this application of it, prior to its being made, and subsequently affirmed it.  Conceding, however, that the payment was not made by James S. Griswold himself, yet the evidence shows that it was made by his agent, by his direction and authority.  He was a party to the contracts.  When called upon by the plaintiff to pay some money on the note, he consented that the money due on the contracts might be indorsed upon the note.  The principal was present at the time of the settlement, was interested in it and assented to the arrangement.  At the time James assented to this appropriation of the money he was liable to pay the note, and the conversation with the plaintiff was an express direction to him and to Sherman to make the payment.  It was virtually an act done by James S. Griswold's agent, for his benefit, and he must be held responsible for the consequences.  I think there was substantially a request to the principal to make the payment, and it having been done, it must be regarded as the act of both parties, and an acknowledgment by James S.

Griswold of the debt, sufficient to take the case out of the statute of limitations, within the principle laid down in *Winchell* v. *Hicks,* (18 *N. Y. Rep.* 558.)

Upon the trial of the case the defendant James S. Griswold offered to prove that the contracts introduced in evidence were made for the sole benefit of Sherman Griswold, and that the defendant James S. Griswold signed them at the request of Sherman Griswold and as surety for him; that Sherman Griswold alone owned the wood and was interested in the contract, and that the money due upon the contract belonged to him alone. The defendant also offered, as an independent proposition, to show that the money found due upon the contracts belonged to Sherman Griswold alone, and that the defendant James S. Griswold had no right to it, or to any part of it. These offers were objected to by the plaintiff and rejected by the referee, and the defendant excepted. They embrace the same principle, and may properly be considered together.

With the views already expressed upon the other question in the case, the evidence perhaps could have no material bearing upon the issue involved. I incline also to think that the evidence was otherwise objectionable. There was evidence to prove that when James was asked by the plaintiff for some money, he said what was due on the wood must be indorsed on the note; and after the indorsement was made and he was informed of it he said it was all right, and they would pay the balance as fast as they could. The contracts show that both Sherman and James S. Griswold were jointly interested, and the legal presumption is that the money arising from the contracts belonged to both the parties. The plaintiff acted upon the statement made by James to him, and made the indorsement in accordance with it, and it was ratified by James S. Griswold, afterwards. The evidence offered would have contradicted the declaration of the party upon which the plaintiff had acted in making the indorsement; and in a suit upon the note the indorse-

ment would have been evidence of a payment of so much money.

It is said that the defendant did not request the plaintiff to do or forbear to do any act, and there is no evidence to show that the plaintiff was led to do any act in consequence thereof prejudicial to himself, and that he loses nothing in consequence of the indorsement. He expressly told the plaintiff that what was due must be indorsed on the note, thereby directing the manner in which it should be appropriated, and subsequently ratified this appropriation of the money. Here was an absolute request, and an absolute payment of so much money, which could not be canceled. By making the indorsement at the defendant's request the plaintiff had reason to suppose that the time which the note had to run was extended, and his delay to prosecute it within the six years from date may perhaps have been caused by this request of the defendant. If the proof was material and had been received, it might have deprived the plaintiff of the benefit of the request made and of the admission of the party.

Admissions of a party, whether of law or of fact, when acted upon by others, are conclusive against the party making them, in all cases between him and the person whose conduct he has thus influenced. (1 *Green. Ev.* § 267, *p.* 271. *Reynolds* v. *Lounsbury,* 6 *Hill,* 534. *Welland Canal Co.* v. *Hathaway,* 8 *Wend.* 480. *Dezell* v. *Odell,* 3 *Hill,* 215. *Gilleland, ex'r,* v. *Failing,* 5 *Denio,* 308.)

Within the principle laid down in *Dezell* v. *Odell,* it appeared, 1st. That the defendant had made an admission which was clearly inconsistent with the evidence he proposed to give; 2d. That the plaintiff had acted upon the admission, and 3d. That he would be injured by allowing the truth of the admission to be disproved ; and I think the referee properly excluded the evidence.

I am also of the opinion that the statement of the account rendered by Sherman Griswold in the settlement, April 26, 1859, and the receipt at the bottom of the statement was

---

properly received in evidence. It was a part of the transaction which took place at the time, and as such, admissible testimony.

The judgment entered upon the report of the referee must be affirmed, with costs.

HOGEBOOM, J. concurred.

GOULD, J. expressed no opinion.

Judgment affirmed.

[ALBANY GENERAL TERM, September 7, 1863. *Gould, Hogeboom* and *Miller,* Justices.]