## TUCKER *vs.* MALLOY.

When an officer becomes satisfied that there was a want of jurisdiction in the court issuing the process, he is not bound to act under it, and if sued for a neglect of duty, he may set up the invalidity of the process as a defense, even though he has already collected a portion of the amount specified therein, and made a return thereof.

He has a right, under such circumstances, to suspend action at any time, and his return of a partial collection of the execution does not create an estoppel.

APPEAL from a judgment entered upon the report of a referee.

The action was brought for the neglect and refusal of the defendant as a constable of the town of Rondout, in the county of Ulster, to levy an attachment and execution issued by a justice of the peace of the said county, in favor of the plaintiff, upon the property of one James Kelly, whereby the plaintiff's debt against said Kelly was lost.

The defendant, by his answer, admitted that James Kelly was a resident of the county of Ulster ; that Josiah Dubois, Jr. was a justice of the peace, and that the defendant was a constable, as alleged in said complaint ; and further, that at the times stated in the complaint, he received from said justice a paper purporting to be an attachment, and a paper purporting to be an execution, but denied that the tenor and effect, command and direction thereof were as alleged in said complaint. And he alleged, that as to those portions of said complaint alleging the application for an attachment, and the proceedings and judgment before said justice, he denied any knowledge or information thereof sufficient to form a belief, except that he was and is informed and believes that there was no proof of the facts and circumstances, no security given on said application, as required by the statute, and that said justice acquired no jurisdiction of the subject matter of said attachment suit, or of the person of James Kelly, the defendant therein, and that the said proceedings, judgment, and pretended attachment and execution are and were wholly unauthorized and void. And as to the allegations or parts of

allegations of said somplaint, to the effect that the said James Kelly had absconded from the county of Ulster, and was indebted to the plaintiff in the sum of two hundred dollars (or any other sum,) and that the moneys mentioned in said pretended attachment or execution are wholly (or partly) unpaid and lost to the plaintiff, he denied any knowledge or information thereof sufficient to form a belief.

For the purpose of saving time, the defendant made the following admissions, instead of putting the plaintiff to the proof thereof, which admissions were to be of the same binding effect as though they were actually proven on the trial thereof:

*First.* The defendant admitted that he was a constable at the time alleged in the complaint.

*Second.* That J. Dubois, Jr. was, during the month of August, 1864, as mentioned in said complaint, a justice of the peace for the town of Kingston.

*Third.* That, on the 24th day of August, 1864, the plaintiff applied to said justice for an attachment against one James Kelly, on affidavit and undertaking ; that on said day an attachment was granted, returnable on the 30th day of August, 1864, and that said attachment was delivered to the defendant to execute ; that on the 30th day of August, 1864, the plaintiff recovered a judgment against said defendant, James Kelly, for $204, on said attachment and proceedings, Kelly not appearing in the case, and that, on the 31st day of August, 1864, an execution was issued under said judgment and delivered to said defendant.

The plaintiff offered in evidence the affidavit of P. L. Tucker, the undertaking on the attachment, and the attachment, which were severally objected to and admitted.

The defendant then admitted that a judgment was taken against the said defendant, James Kelly, in his absence, he not appearing in the case, on the 30th day of August, 1864, for $204, under the above proceedings, and also that an execution was issued on the 31st day of August, 1864, and

Tucker *v.* Malloy.

returned October 3d, 1864, partially satisfied. The defendant also admitted the amount of the sales of Kelly's property by the defendant as constable, was $555.77. That said property of Kelly was sold by the defendant as constable, under several executions, as follows : one in favor of M. J. Madden, for $121.31 ; another in favor of Edward Kelly, for $34 ; another in favor of Archer & Bro. for $204 ; another in favor of Atkinson & Koon, for $64.56 ; and that the said sale took place on the 22d of August, 1864, and also that an attachment in favor of Alva S. Staples, against said Kelly, was issued on the 19th August, 1864, and on the same day levied by the defendant as constable, on the same property, and judgment perfected on the 26th of August, 1864, for $27.38. The defendant further admitted, that at the sale of said property under the executions aforesaid, said Archer & Brother were purchasers to the amount of $364.35, and that on the 25th day of August, 1864, the defendant, Malloy, received from Archer & Brother the sum of $164.35, the balance over and above the amount of their said judgment, on account of such purchases as aforesaid, it being part of the proceeds of said sale. The defendant also admitted, that on the 23d day of August, 1864, he paid to M. J. Madden the sum of $55, as per receipt read in evidence.

The plaintiff then rested his case. Whereupon the defendant moved to have the plaintiff nonsuited on the following grounds :

*First.* The evidence fails to show any money in the hands of the defendant Malloy, belonging to said James Kelly, on the 24th of August, 1864.

*Second.* The evidence fails to show that the defendant has negligently or carelessly omitted to levy the attachment of the plaintiff.

*Third.* The evidence does not show that there was any property of the defendant Kelly subject to attachment, on which the defendant could levy under the attachment.

*Fourth.* It appears affirmatively, that the officer has paid

out all the moneys in his hands accruing from the sale, before the receipt of the plaintiff's attachment.

*Fifth.* The attachment proceedings are irregular, unauthorized and void, and confer no jurisdiction to issue the attachment.

Whereupon the referee made his report in writing, by which he found the following facts :

*First.* That on the 24th day of August, 1864, the plaintiff obtained a paper purporting to be an attachment, returnable the 30th day of August, 1864, against one James Kelly, from Josiah Dubois, Jr. justice of the peace of the county of Ulster. And that such paper was issued in pursuance of an affidavit of the plaintiff, sworn to in the city of New York, by which affidavit it does not appear in what county James Kelly last resided, or then resided, and in which on information and belief the plaintiff alleges that the said Kelly has secretly departed this state for the purpose of cheating and defrauding his creditors, but no facts or circumstances are set forth sufficient to warrant the justice to act upon said affidavit. An undertaking was also used upon the application for an attachment which in its condition does not comply with the statute, which is without seal, and not approved in writing by the justice.

*Second.* That on the 30th day of August, 1864, judgment was docketed by the said justice against James Kelly in favor of this plaintiff, for the sum of $204 on such alleged attachment, and a paper purporting to be an execution, issued by said justice on such judgment. That James Kelly did not appear on the return day of said attachment.

*Third.* That the defendant in this action took such attachment and execution and made return thereon of certain property found.

*Fourth.* That the property of James Kelly was sold under several executions on the 22d day of August, 1864, by the defendant in this action, as constable, and that there was realized on such sale the sum of $555.77.

Tucker *v.* Malloy.

*Fifth.* That on the 23d of August, 1864, the defendant paid over to one M. J. Madden, in trust for the wife of James Kelly, the sum of $55, which was the surplus remaining after the sale aforesaid, and the payment of the several executions, and interest, costs and fees thereon.

*Sixth.* That the defendant received on the 25th day of August, 1864, $164.35 from the firm of Archer & Brother, which firm had purchased at said sale $366.35, and had been allowed by the defendant three days to send for property and pay the balance of the purchase money.

The referee's conclusions of law were : *First.* That the whole proceedings under and in pursuance of the affidavit of the plaintiff and the undertaking above mentioned, and the pretended attachment and judgment and execution were null and void.

*Second.* That there was no property of the said James Kelly in the possession or within the reach of the defendant at the time of the receipt of said void attachment and execution upon which he could levy.

*Third.* That the defendant was not guilty of any neglect or breach of duty as constable in the premises, and is not indebted to the plaintiff for any of the matters or things demanded in this action, and that the defendant was entitled to judgment, dismissing the complaint on its merits, with costs.

Judgment of dismissal being entered, the plaintiff appealed.

*D. McMahon*, for the appellant.

*S. L. Stebbins*, for the respondent.

MILLER, J.   The affidavit upon which the attachment proceedings in favor of the plaintiff and against James Kelly were instituted utterly failed to establish that Kelly had left the county where he resided, with intent to defraud his creditors.   The same objections exist to the proceedings as were

urged in the case of *Kelly* v. *Archer, et al. (ante, p.* 68,) and which are fully discussed in the opinion in that case. Some others are presented which are equally apparent, but as sufficient appears to show that the attachment proceedings were void for want of jurisdiction in the officer who issued the attachment, it is not important to examine them.

The proceedings being void, the question arises, whether the defendant was bound to execute them and has made himself liable by reason of his failure to do so. In the case under consideration, the defendant made a return that he had collected a small amount before the execution issued upon the judgment, and that he could not find any other property. Having thus returned a partial collection of the execution and failed to realize the balance, is he entitled to protect himself from liability by proof of the invalidity of the process under which he acted ?

I think that this fact does not prevent the interposition of a defense that the process was immaterial. By collecting a portion of the amount he did not thereby obligate himself to proceed and collect the remainder, of the defendant in the judgment. When an officer becomes satisfied that there is a want of jurisdiction, he is not bound to act, in any way. He may stop as soon as he becomes convinced of this, and if sued for a neglect of duty, may show in his defense such want of jurisdiction. (*Earl* v. *Camp,* 16 *Wend.* 562.) It may well have been the case that when he sold, and realized the amount which he returned as collected, he was not advised of the defective character of the process under which he was acting. But even if he was, I think that the right to suspend action existed at any time. The return to the execution did not injure any one, and no action was taken by the plaintiff in the execution in consequence of it. It was not such an act as created an estoppel. (*Dezell* v. *Odell,* 3 *Hill,* 215. *Hawley* v. *Griswold,* 42 *Barb.* 18.) If the officer had brought a suit he would have been compelled to show a valid judgment, in order to sustain it. (16 *Wend.* 563.) The

Tucker *v.* Malloy.

case now before us is different from one where there is a mere irregularity which does not render the judgment void, and which may be amended ; or a case where the officer has collected money under process which was not absolutely void, and which he has treated as valid. *(See Walden* v." *Dawson,* 15 *Wend.* 575.) In the case last cited, the officer received the money and returned the writ by virtue of his office. It was held, very properly, that under such circumstances he could not avail himself of a slight irregularity in the process itself which could be amended, and which therefore did not render it entirely nugatory.

It is said that the referee erred in holding that there was no property of the debtor in the possession of or within the reach of the defendant, at the time of the receipt of the attachment and execution, upon which he could levy.

The money which the defendant paid over was the surplus money arising upon a sale under the other attachments, and was paid prior to the attachment in favor of the plaintiff being issued. At that time it was apparent that the money belonged to the defendant in the attachment proceedings, and no one but he had any right to complain that the payment was illegal. Although this surplus money was paid over prior to the payment by the Archers for the property bid in by them, yet I think that it was properly applied. It could be ascertained by calculation, and the officer could see that the avails of the sale were enough to meet these executions, and as they were provided for by what remained unpaid, I think it makes no difference, because he chose to apply the money in advance of the payment. He had a right to regard the unpaid sum as applicable to the executions under which he had sold. But whether he acted lawfully or otherwise, at the time when the attachment of the plaintiff was received, the officer had paid over the surplus, and there was no money in his hands except what was liable to be appropriated to the payment of demands which were antecedent to the

plaintiff's debt. Nor was any received afterwards which was not applicable to prior attachments.

I think there is also another answer to this allegation of error in the referee's decision. As the judgment and proceedings were void and the officer was not bound to act under them, as I have already shown, the finding of the referee upon this subject was in regard to a material fact which could not affect the result to which he finally arrived.

I have no doubt but that the proceedings under the attachment can be assailed in this action, by the defendant.

The judgment entered upon the referee's report must be affirmed, with costs.

HOGEBOOM, J. concurred.

INGALLS, J. expressed no opinion.

Judgment affirmed.

[ALBANY GENERAL TERM, September 17, 1866. *Miller, Ingalls* and *Hogeboom*, Justices.]