Wilson v. Pryor.

*Notice to co-servants not notice to company.*

---

WILSON v. PRYOR.

1. STATUTE LIMITATIONS: *Indorsement of credit on note: Evidence.*
Proof of the indorsement of a credit on a promissory note by the holder before the note is barred, is *prima facie* evidence of an actual part payment upon the note; but such indorsement made *after* the statute bar is not proof of an actual payment unless made with the privity of the debtor.

2. SAME: *Same.*
Section 4505 Mansfield's Digest, declaring that "no indorsement of any payment written upon any instrument by or on behalf of the party to whom such payment shall be made, shall be sufficient proof of such payment to take the case out of" the statute of limitations, applies only to bonds and instruments under seal. The digesters of 1874 and 1884 have changed the original act to conform to the supposed effect of the constitutions of 1868 and 1874, abolishing private seals.

APPEAL from *Ashley* Circuit Court.
Hon. J. M. BRADLEY, Circuit Judge.

*J. C. Wilson, pro se.*

The note was barred by the statute of limitations. After the bar has attached, the promise to pay must be *in writing.* The indorsement of a payment, and an *understanding* between the parties that it shall take the note out of the operation of the bar, is not sufficient.

COCKRILL, C. J. This was an action before a justice of the peace on a promissory note due April 24, 1877. There was a credit of fifty cents indorsed on the note of date January 19, 1883. The action was brought in the following February. There was judgment for the plaintiff. The defendant appealed, and in the Circuit Court interposed the statute of limitations as a defense. A jury was waived and the case tried by the court. The following is all the testimony offered: The plaintiff read the indorsement on the note and testified as follows : "About the time the credit was entered he was about suing the defendant on the note, and so notified him. He said there was no use suing him, that he would give a new note. It was then agreed between them that a credit on the note should be equivalent to giving a new note, and that the defendant would pay the balance; and with this understanding the credit of fifty cents was made, and the defendant overlooked the indorsement of fifty cents on the note. The defendant, at the trial before the justice, refused to plead the statute, and said he had made the fifty cent payment to revive the note. The defendant's attorney admitted in open court that the plaintiff's testimony was true."

Wilson v. Pryor.

**1. STATUTE OF LIMITATIONS: Indorsement of part payment on note.**     There was no objection made to the introduction of testimony, and no declarations of law were asked or made. The judgment was for the plaintiff, and the only question is, did the evidence warrant it? The parol promise to pay, made by the defendant, is not sufficient to remove the bar of the statute (*Mansf. Rev. St., sec. 4493*), and the appellant contends that an actual part payment of the debt is not shown.

The presumption of a deliberate promise to pay the residue, which the fact of part payment raises, can arise only from what would be deemed an actual part payment. But the fact of actual payment need not in every instance be proved directly. Circumstances from which the payment may be presumed are enough in the absence of a rebuttal of that presumption. It is a uniform rule of evidence, that proof of an indorsement of part payment upon a promissory note made by the holder before the note is barred, is *prima facie* evidence of an actual part payment upon the note, and it has been often sanctioned by this court. *Armistead v. Brook, 18 Ark., 522,* and cases cited.

**Indorsement after bar attaches.**     If the date of the indorsement is at a period after the demand has become stale or affected by the statute of limitations, the interest of the creditor to fabricate it is said to be so strong as to countervail the presumption of payment, and such an indorsement will not make a *prima facie* case for the removal of the statute bar. But when it is shown that the indorsement is made with the privity of the debtor at any time, it is a reasonable presumption that an actual payment has been made. *Searle v. Lord Barrington, 2 Str., 829, S. C., 8 Mod., 278; Roseborne v. Billingston, 17 Johns. (N. Y.), 182; Sibley v. Phillips, 6 Cush., 172; Smith v. Simms, 9 Ga., 418; Hawley v. Griswold, 42 Barb., 18;* see *Greenl. Ev., sec. 121.*

Wilson v. Pryor.

In this case the indorsement was made with the express assent of the debtor, and his admission that the payment had been actually made was proved. These were matters for the consideration of a jury, and the court acting in that capacity was certainly warranted in the inference that the payment was actually made.

We have not overlooked *section 4505 Mansfield's Revised Statute.* As it appears there and in *Gantt's Digest*, it reads as follows: "No indorsement of any payment written upon any instrument by or on behalf of the party to whom such payment shall be made, shall be deemed a sufficient proof of such payment so as to take the case out of this act."

2. SAME: Construction of statute.

This provision is taken from the Revised Statutes of 1838, and has undergone a change in the revisions of 1874 and 1884. As passed by the Legislature it applied to bonds and instruments under seal only. The words "bonds or any other sealed" (instrument) are omitted in the last two compilations. This was doubtless upon the theory that seals having been abolished, the reference to sealed instruments should be stricken from the statute. Whatever the effect of this might be in other instances, we think it gives a meaning to the statute that the abolition of seals alone would not effect. As it reads in the late compilations, it would change the common law rule of evidence pointed out as to simple contracts, and by raising them to the grade of sealed instruments require the more onerous proof provided by statute for the latter class of instruments only. The abolition of seals has the effect rather of reducing sealed instruments to the grade of simple contracts, as held in *Dyer v. Gill, 32 Ark., 410.* That it does not change the rule of evidence applicable to this case we entertain no doubt.

Affirm.