PIERCE & a., Ex'rs, v. JACKSON.

An officer, in the service of civil process, is bound to use ordinary skill and reasonable diligence in carrying out his instructions ; but if he has reasonable cause to believe, and does believe, that compliance with the instructions will expose him to liability, he is not bound to act without a written indemnity.

CASE, against the sheriff of Sullivan county for not attaching property of the Sunapee Saw Mill Company on several writs returnable at the September term, 1885.    Facts found by a referee. The writs were all delivered by the plaintiffs' attorney to one Bates, a deputy of the defendant, who was also a deputy for the county of Merrimack, in the evening of June 25, to be served by him by attachment of property in Merrimack county, and to be carried by him to Newport, where the defendant resided, and delivered to him with instructions to attach property of the Saw Mill Company in Sullivan county, subject to a previous attachment made by him, and all other property of the corporation in the county.    The attorney did not specify what the other property was.    Bates seasonably delivered the writs to Jackson, June 26, with the instructions.    Jackson had reasonable cause to believe, and did believe, that the property of the corporation had been transferred or assigned, and that an attachment of it without indemnity would expose the officer to liability, and he so informed Bates, and that he was not willing to make an attachment or to have one of his deputies do so without a bond, only what might be preserved by a copy.    He also immediately wrote to the attorney that he had attached real estate, but declined " to make a clean sweep " without a bond of indemnity, and had sent the writs to Bates, to whom the bond might be delivered, being nearer.

Jackson, on June 25, had attached certain machinery and cer-

tain horses and harnesses of the corporation on a writ in favor of the Forsaith Machine Company, which was returnable in Sullivan county at the September term, and had preserved his attachment of the machinery by leaving a copy with the town-clerk. No bond or indemnity was furnished to either Jackson or Bates. The defendant sent the writs to Bates, June 27, and directed him not to attach anything, only what he could do by copy, unless he had a bond. In consequence of an interview between the attorney and Bates, June 27, in which the attorney claimed that no indemnity was necessary, and of a letter the attorney caused to be written and delivered to him in the evening of the same day, Bates, in the morning of June 29, attached a large lot of lumber, leaving copies with the town-clerk, but he did not attach the mill building (which was personal property) nor any machinery.

June 30, Charles N. Emerson, another deputy of the defendant, attached upon a large number of writs against the corporation the mill building and certain other bulky and certain movable property of the corporation not subject to any previous attachment, and also attached (if he could lawfully do so) the machinery previously attached by the defendant, and the lumber previously attached by Bates, and took possession of the whole, and held possession by a keeper until it was sold, on the executions, for $1,100, which was its true value. Four hundred and thirty-one dollars and fifty-three cents of the proceeds remained after satisfying the balance of the Forsaith execution, and was applied on executions which issued in the cases in which Emerson attached the property. Neither Jackson nor Bates was requested to attach any specified property except as stated above.

The court ordered judgment for the defendant, and the plaintiffs excepted.

*S. K. Page* and *John Kivel*, for the plaintiffs.

*A. S. Wait* and *James F. Briggs*, for the defendant.

BLODGETT, J. So far as the plaintiffs' claim for damages relates to the property selling for $1,100, it is entirely without merit, because it is found as a fact that they did not cause their executions to be levied on the property or its proceeds. Their loss is consequently due to themselves only, and of course affords them no ground of action against the defendant.

Their remaining ground of complaint is, that the defendant, or his deputy, ought to have attached the mill building and certain other property of the debtor corporation, which was subsequently attached and sold by other creditors.

In respect of the defendant personally, it is extremely plain that no cause of action is made out upon the facts. When the plaintiffs' writs were delivered to and accepted by him for service, he

was instructed to attach the debtors' property in Sullivan county, which was subject to a previous attachment made by him, " and all other property of the corporation in the county," but no other specification or description of the property was given him. He thereupon became bound to use ordinary skill and reasonable diligence in the execution of his instructions; and it is only for his failure to exercise such skill and diligence that he can be held liable to respond in damages. But if he had reasonable cause to believe and did believe that compliance with the instructions would expose him to liability, he was under no obligation to act without a written indemnity; and it is found as a fact not only that he believed at this time, from statements to that effect made to him shortly before by the plaintiffs' attorney who made the writs, that the property of the corporation had been transferred or assigned, and that an attachment of it without an indemnity would expose the officer to liability; but he also so informed the plaintiffs' agent, and expressed to him his unwillingness to make an attachment, or have one of his deputies do so, without a bond of indemnity, except so far as the attachment might be preserved by a copy. Acting upon this belief, he at once made an attachment of real estate upon all the writs; wrote the attorney what he had done,—that he declined to proceed further without an indemnity, and that he had sent the writs to his deputy Bates, to whom the bond might be delivered, being nearer, to which the attorney made no reply.

Under these circumstances no liability attaches to the defendant. Not only did he apparently exercise the requisite diligence and skill, but the failure of the attorney to make any reply to his communication is to be regarded as an assent, at least, by the plaintiffs to the service of the writs which the defendant had made. Good faith and fair dealing required the attorney, if dissatisfied with what the defendant had or had not done, seasonably to inform him of his dissatisfaction, and so afford him an opportunity to make additional attachments, if any were desired; and by neglecting to do this, or to furnish any indemnity, the plaintiffs have disentitled themselves to complain of any loss so occasioned.

If, then, the defendant is liable to the plaintiffs, it must be for the negligence of his deputy. Upon this branch of the case the complaint is, that the deputy ought to have attached the mill building and all of the other bulky articles subsequently attached by Emerson, and also the machinery which had been attached by Jackson on a senior writ in favor of the Forsaith Machine Company.

As respects the machinery, it need only be said that the attachment would have been of no avail, because where a valid attachment of personal property has been made, it cannot be again attached except by the officer who made the first attachment. *Odiorne* v. *Colley*, 2 N. H. 66. But in addition to this special notification, we think the facts afford a sufficient justification which

applies alike to all the property. The deputy had no instructions to attach it specifically, and even if he had, he would be under no obligation to do so without an indemnity. So far as appears, however, he followed the instructions of the plaintiffs' attorney, because it is found that in consequence of an interview between the attorney and himself, in which the attorney claimed no indemnity was necessary, and of a letter which the attorney caused to be written and delivered to him, the deputy did seasonably attach a large lot of lumber belonging to the corporation, and preserved his attachment by leaving copies with the town-clerk. But by doing this, and with no indemnity, he did not obligate himself, as contended by the plaintiffs, to attach all other of the debtors' property without an indemnity, where the attachment could be preserved by a copy (*Tucker* v. *Malloy*, 48 Barb. 85); and if he did, and such other property might and should have been attached by him in the exercise of ordinary skill and reasonable diligence, the plaintiffs are nevertheless precluded from a recovery by the general finding of the referee against them, because it cannot be held as a matter of law that such skill and diligence were not exercised. The question is one of fact, and although not specifically found by the referee, yet by finding generally for the defendant, and the question being one necessarily in issue, he must have found that the deputy was not at fault in these respects. *Allard* v. *Hamilton*, 58 N. H. 416. And especially should the presumption be made in this case, where the acts of the officer, in a hazardous and difficult employment, were apparently performed in good faith, and should therefore receive the most favorable construction. *Bissell* v. *Huntington*, 2 N. H. 142, 147. Judgment for the defendant was properly ordered at the trial term.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.